# IN THE OREGON TAX COURT

Bernice HARVEY
*v.*
## DEPARTMENT OF REVENUE
(TC 2935)

Plaintiff appeared *pro se.*

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Defendant's Motion For Summary Judgment granted plus damages in the amount of $3,000, July 31, 1990.

**CARL N. BYERS, Judge.**

This matter came before the court on defendant's Motion For Summary Judgment on the ground that plaintiff failed to exhaust her administrative remedies.

When plaintiff failed to file income tax returns for the years 1985 and 1986, defendant assessed a tax, penalty and interest and took action to collect. Plaintiff objected and the

objections were construed as an appeal to the department.[1] A hearing was scheduled for October 4, 1989. Prior to the hearing, plaintiff informed defendant that she would not participate in a telephone hearing and demanded a hearing with her choice of representatives from the department. Plaintiff believed that the individuals acting on behalf of the department were without proper delegated authority.

Plaintiff's interpretation of the statutes granting powers to the Director of the Department of Revenue and granting powers to the department itself is in error. *Okorn v. Dept. of Rev.,* 11 OTR 385 (1990).

■ When plaintiff did not appear in person and declined to participate in the hearing by telephone, defendant dismissed the appeal for lack of prosecution. Plaintiff had the responsibility to either appear or in some other way submit evidence in support of her position to the defendant. Her refusal to do so constitutes a failure to exhaust her administrative remedies. This, in turn, forecloses her from judicial review.

> "Where, however, the party seeking judicial review has foreclosed through his own inaction completion of the administrative process, remand is inappropriate. An appeal that has died within the agency cannot be resurrected by appealing outside of it. In such a case, the doctrine serves as a bar to further relief." *Mullenaux v. Dept. of Revenue,* 293 Or 536, 541, 651 P2d 724 (1982).

The court finds that defendant's Motion For Summary Judgment should be granted.

■ In defendant's Second Amended Answer, defendant alleges that plaintiff's claims are frivolous and seeks an award of damages under ORS 305.437. Based on plaintiff's statements made to the court, it appears that plaintiff is sincere but misguided in her understanding of the law. Sincerity, however, will not absolve plaintiff from imposition of a penalty.[2]

---

[1] If defendant had not treated the objections as an appeal, plaintiff would have been foreclosed from further challenging defendant's actions. ORS 305.280.

[2] As Judge Easterbrook noted in *Coleman v. Commissioner,* 791 F2d 68, 69 (7th Cir 1986), 86-1 US Tax Cas (CCH) ¶ 9401:

> "Some people believe with great fervor preposterous things that just happen to coincide with their self-interest. * * * The government may not prohibit the holding of these beliefs, but it may penalize people who act on them.

> "It is an important function of the legal system to induce compliance with rules that a minority firmly believes are misguided. Legal penalties change the balance of self-interest; those who believe taxes wicked or unauthorized must nonetheless pay."

ORS 305.437 appears to be patterned after the federal statute, 26 USC § 6673. In construing that statute, the court, in *Coleman v. Commissioner,* 791 F2d 68, 71 (7th Cir 1986), 86-1 US Tax Cas (CCH) ¶ 9401, stated:

"A petition to the Tax Court, or a tax return, is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. * * * The inquiry is objective. If a person should have known that his position is groundless, a court may and should impose sanctions."

As the court noted in that case, the purpose of a penalty is to motivate such persons "to conform their *behavior* to the governing rules regardless of their subjective beliefs." *Id.* at 72. Ordinary citizens without legal training are free to interpret the laws any way they choose. However, if their interpretations are contrary to those of the legislature and the Supreme Court, they do so at their peril.

The court finds that plaintiff's appeal is frivolous. Under ORS 305.437 the court will award damages to defendant in the amount of $3,000. Now, therefore,

IT IS ORDERED that defendant's Motion For Summary Judgment is granted; and

IT IS FURTHER ORDERED that defendant shall have judgment against plaintiff for damages under ORS 305.437 in the amount of $3,000.

Defendant shall recover costs.