Argued and submitted July 30, award of attorney fees vacated; otherwise affirmed
October 10, 1990

Charles E. THOMPSON,
dba Dardanelle Trailer Park,
*Respondent,*

*v.*

Allyson E. LONG,
*Appellant.*

(89-1372-L; CA A63655)

798 P2d 729

Doug S. Gard, Medford, argued the cause for appellant. With him on the brief was Center for Nonprofit Legal Services, Inc., Medford.

Steven P. Pickens, Medford, waived appearance for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

PER CURIAM

## PER CURIAM

In this FED action, the trial court entered a judgment for plaintiff and granted his request for reasonable attorney fees. Defendant appeals and argues that the award of attorney fees was error. We vacate the award.

 A party claiming attorney fees must serve "a verified and detailed statement of the amount of attorney fees[.]" ORCP 68C(4)(a)(i). "Detailed" means "marked by abundant detail or by thoroughness in treating small items or parts." *Parker v. Scharbach,* 75 Or App 530, 707 P2d 85 (1985). The affidavit in support of the fees provides:

> "That my hourly fee for this type of matter is $100. That I have spent a total of eight (8) hours investigating, researching, preparing and filing the Complaint, filing the Amended Complaint, preparing for trial, and trial. That the sum of $800 is a reasonable fee for the work done herein."

Defendant argues that the affidavit is insufficient to support the award. We agree. The affidavit does not constitute the detailed statement required by the rule. It fails to itemize the time devoted to the services rendered and does not assist the court in determining if those services were reasonable. As we stated in *State v. Grandy,* 52 Or App 15, 19, 627 P2d 895 (1981):

> "A mere summation in totaling of hours spent on a case will not suffice to support a petition for attorney fees."

Award of attorney fees vacated; otherwise affirmed.