Joseph GALL
and Darlene Gall,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*
*and*

YAMHILL COUNTY ASSESSOR,
*Intervenor-Defendant.*

(TC 4639)

Trial was held December 16, 2003, in the courtroom of the Oregon Tax Court, Salem.

Joseph and Darlene Gall, Plaintiffs (taxpayers), filed motions and argued the cause *pro se.*

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, filed motions and argued the cause for Defendant (the department).

Frederic Sanai, Yamhill County Assistant County Counsel, McMinnville, filed motions and argued the cause for Intervenor-Defendant (the county).

Decision for Defendant rendered March 16, 2004.

**HENRY C. BREITHAUPT, Judge.**

## I. INTRODUCTION

This matter was tried in court on December 16, 2003, after a motion for partial summary judgment filed by defendant Department of Revenue (the department) had been granted. *See Gall v. Dept. of Rev.*, 17 OTR 268 (2003). The motion for partial summary judgment concerned an interpretation of Measure 50. After that matter was decided, the sole remaining issue for trial was the real market value (RMV) on January 1, 2002, of a mobile home owned by plaintiffs (taxpayers).

## II. FACTS

The property in question is a mobile home that taxpayers purchased for $43,000 in November of 2001, less than two months before the assessment date. Taxpayers appealed the RMV of the mobile home to the county board of property tax appeals (BOPTA). In their appeal they asserted the RMV was $43,000. BOPTA reduced the RMV of the property to $43,000. Notwithstanding the fact that BOPTA granted the relief taxpayers requested, taxpayers proceeded in the Magistrate Division to argue that the value of the property was less than $43,000 and in this division asserted in their Complaint that the RMV of the property was $33,500.

At trial, taxpayers introduced a new argument to the effect that under ORS 308.905[1] the maximum amount of tax that can be collected is $5. ORS 308.905 provides, in relevant part:

---

[1] All references to Oregon Revised Statutes (ORS) are to 2001.

"(1)  A special assessment is levied upon each manufactured structure that is assessed for ad valorem property tax purposes as personal property. The amount of the assessment is $5."

## III.  ANALYSIS

■  Taxpayers bear the burden of proof in this matter. Taxpayers' evidence was insufficient to show that their purchase price of $43,000, paid just before the assessment date, was not the RMV of the property as of January 1, 2002.

■ ■  Taxpayers' argument based on ORS 308.905 is wholly without merit. That statute provides for a **special** assessment to be paid **in addition** to the regular assessment on such property. ORS 308.905 does not purport to limit the assessment of mobile homes. Under ORS 308.875, such property is to be assessed either as real or personal property, depending on whether the land on which the mobile home is located is owned by the owner of the home. Nothing in ORS 308.875, ORS 308.905, or elsewhere in the statutes provides that the general system of assessment and taxation of the mobile home is subject to or replaced by the special assessment under ORS 308.905.

## IV.  CONCLUSION

Taxpayers are entitled to no relief in this matter. The RMV of the property, as of January 1, 2002, was $43,000.

## V.  ATTORNEY FEES AND DAMAGES

In their answers, defendants Yamhill County (the county) and the department both requested an award of attorney fees under ORS 20.105. At trial the county also urged the court to consider an award of damages under ORS 305.437. Both statutes permit awards against a party whose position is not objectively reasonable. Taxpayers were put on notice in the initial pleadings and in the initial case management conference on this matter that the department and county viewed taxpayers' legal position on Measure 50 and their factual position on valuation to be entirely unsupportable. The court cautioned taxpayers that they should obtain competent legal advice on these matters. Taxpayers apparently proceeded without advice and raised a new argument

based on ORS 308.905 at trial, which is supported by no language in that statute and no case law.

Taxpayers could have obtained legal advice. Instead they chose to proceed beyond a clearly written decision of the magistrate who heard this matter. At trial taxpayers indicated they pursued this matter after the BOPTA action awarding the RMV they requested in part because they believed they should not have had to file their initial appeal to BOPTA in order to have the RMV of their property lowered to its purchase price. Taxpayers' actions have caused the department and county to incur costs.

The court concluded in its order granting partial summary judgment to the department that taxpayers' argument on Measure 50 was wrong. The court, however, does not believe it can be described as frivolous, especially considering the complexity of Measure 50 and the state of the case law.

On the other hand, the argument that property purchased for $43,000 in November is worth $33,500 less than two months later, when supported by nothing more than taxpayers' efforts here, is without an objectively reasonable basis.[2] Further, the statements of taxpayers at trial as to their motivation in pursuing this litigation and the assertion that ORS 308.905 limits tax liability to $5 demonstrates to the court that taxpayers had exactly the type of motives for this litigation that the legislature was concerned about in providing for attorneys fee awards and damages.

The court finds that taxpayers persisted in a position on valuation that had no support in fact or law. Their assertion of the ORS 308.905 argument indicates they believed they could continue to assert positions they found attractive without even rudimentary care given as to the validity of the argument. Taxpayers may not have appreciated, but the court must, that the county's costs in this crusade by taxpayers are ultimately borne by the other property owners in

---

[2] The law in Oregon is clear that a recent sale of the property in question is persuasive, but not conclusive, evidence of the property's market value. *Ernst Brothers Corp. v. Dept. of Rev.*, 320 Or 294, 882 P2d 591 (1994). Here taxpayers introduced no credible evidence to demonstrate why a very recent sale of the property in question was not determinative. Further, the recent sale price was the RMV asked for **and awarded** by BOPTA.

Yamhill County and their fellow citizens in Oregon. Taxpayers here were permitted by law to appeal beyond the Magistrate Division and they are permitted to ignore warnings and proceed without incurring fees for legal advice. But when they do so, they take the risk of being required to bear some or all of the costs, which their choices would otherwise visit upon their fellow citizens.

The court finds that taxpayers' positions on valuation and ORS 308.905 had no objectively reasonable basis. Damages in the amount of $300 are awarded to the department under ORS 305.437. Reasonable attorneys fees are awarded to the county under ORS 20.105. No award of attorneys fees to the department is made because it did not litigate the valuation issues.