This matter is before the court on the petition of the Defendant Department of Revenue (the department) for an award of attorney fees under ORS 20.105.[1] The matter is governed by TCR 68, which, in relevant part, provides:
 "C.(2) Procedure for Seeking Attorney Fees or Costs and Disbursements. The procedure for obtaining an award of attorney fees or costs and disbursements shall be as follows:
 "C.(2)(a) Filing and Serving Statement of Attorney Fees and Costs and Disbursements. A party seeking attorney fees or costs and disbursements shall, not later than 14 days after entry of judgment pursuant to TCR 67:
 "C.(2)(a)(i) File with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements, together with proof of service, if any, in accordance with TCR 9 C. The detailed statement shall show the amounts claimed in separate categories for attorney fees, accountant fees, witness fees, travel and other expense. The time and services provided by each attorney, accountant and expert witness shall be shown separately for (1) administrative proceedings, (2) preparing for trial and (3) participating in trial; and
 "C.(2)(a)(ii) Serve, in accordance with TCR 9 B, a copy of the statement on all parties who are not in default for failure to appear."
The petition and related affidavit submitted by the department in this matter contained only general summaries of the amount of time spent and the hourly rates applicable to that time. The record indicates that Plaintiff objected to this and requested more detail. Although more detailed material was prepared for submission, it was not submitted to the *Page 130 
court or served on Plaintiff prior to the time of the hearing scheduled for this matter. When the department attempted to refer to the detailed material in the hearing, Plaintiff objected on the grounds that he had never been provided with the detailed material.
1, 2. TCR 68 is modeled on ORCP 68, and the provisions quoted above are in all material respects identical to the provisions of ORCP 68. Case law under ORCP 68 establishes that the petition and affidavit of the department in this case do not meet the requirement that the statement of fees be "detailed," that is, "marked by abundant detail or by thoroughness in treating small items or parts." Thompson v.Long, 103 Or App 644, 645, 798 P2d 729 (1990) (citing Parker v. Scharbach, 75 Or App 530, 534,707 P2d 85 (1985)). The department did not present evidence at the hearing about the detail required under TCR 68, or to the extent it attempted to do so, Plaintiff properly objected because he had not been provided with the information prior to the hearing.
3. The failure to include the necessary detail in the initial statement is significant and cannot be viewed as a procedural defect that can be disregarded under TCR 12. Cf.O'Neal and O'Neal, 158 Or App 431, 435, 977 P2d 785 (1999). It is apparent that Plaintiff was prejudiced in his ability to challenge the petition in that, prior to the hearing on the matter, he had never received the detail called for by the rule.[2]
 4. The department, after the hearing on this matter, filed a motion for leave to submit the necessary detailed material. That motion is denied. Submission of detail at this stage in the proceeding is untimely. The hearing on the matter having been held, there is no opportunity for plaintiff to challenge matters raised by a review of the material.
After reviewing the petition and response, and being fully advised of the premises, the court finds that such request should be denied. Now, therefore, *Page 131 
IT IS ORDERED that the Defendant's Motion for Leave to Submit Documentation of Attorney Fees is denied, and
IT IS FURTHER ORDERED that the Defendant's Petition for Attorney Fees is denied.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition.
[2] The court does not pass on the question of whether, had the detail been provided after the initial petition but before the hearing, by amendment of the petition or otherwise, the lack of detail in the initial petition could be overcome. *Page 132