I. INTRODUCTION
This case comes before the court for decision after trial. Plaintiff (taxpayer) argued his case pro se. Defendant Department of Revenue (the department) was represented by counsel.
 II. FACTS
Taxpayer purchased a manufactured home in 2001 for $43,000. The home is situated in a manufactured home park, not on land owned by taxpayer. Taxpayer testified that the real market value (RMV) was reduced by the board of property tax appeals (BOPTA) to the purchase price for the 2002-03 tax year. The 2004-05 assessed value (AV) and RMV was $28,105. For the tax year at issue, 2005-06, the property's RMV was $30,353, its maximum assessed value (MAV) was $55,036, and its AV was $30,353.
 III. ISSUES
1. Was taxpayer's manufactured home improperly assessed?
2. Is the department entitled to attorney fees, costs, and damages for a frivolous appeal? *Page 191 
 IV. ANALYSIS
Taxpayer asserts that his manufactured home was improperly assessed in violation of Oregon law and the United States Constitution. In addition, he requests that the government employees responsible for the alleged violations be sanctioned. The department asserts that the property was properly assessed and requests that the assessment be upheld. In addition, the department requests attorney fees, costs, and damages for a frivolous appeal.
A. Assessment of the manufactured home
Taxpayer appears to advance the following three arguments to support his assertion that the property was improperly assessed: (1) the maximum amount of tax that can be collected is $6 as provided by ORS 446.525,[1] (2) taxation of the property violates the Thirteenth and Fourteenth Amendments to the United States Constitution, and (3) the RMV has increased more than three percent in violation of ORS 308.146.
1. Taxation of personal property
Taxpayer argues that his manufactured home is personal property and is, therefore, not subject to assessment and taxation in the same manner as real property. He asserts that the manufactured home is subject only to the $6 special assessment set out in ORS446.525.[2]
In general, all real property and all tangible personal property within the state of Oregon is subject to assessment and taxation.[3] See ORS 307.030. If a manufactured structure *Page 192 
is not situated on land owned by the same person who owns the structure, it is classified as personal property for taxation purposes. See ORS 308.875. All personal property is to be "assessed for taxation each year at its situs as of the day and hour of assessment prescribed by law" under ORS 308.105; however, personal property is exempt from taxation if it is "held by the owner * * * for personal use, benefit or enjoyment." ORS307.190(1). Although that statute renders much personal property exempt from taxation, the exemption does not apply to "[m]anufactured structures as defined in ORS 446.561." ORS307.190(2)(d). A "manufactured structure" is defined in ORS446.561 as "`[a] manufactured dwelling'" as set forth in ORS446.003. A "manufactured dwelling" is a residential trailer, mobile home, or manufactured home. ORS 446.003 (26).
There is no question that the property at issue is a manufactured home. Taxpayer has agreed that he does not own the land on which the manufactured home is situated and is correct in his assertion that it is, therefore, personal property. He is mistaken, however, in his assertion that the provisions of ORS 307.190(1) exempt it from all taxation except the $6 special assessment. ORS307.190(1) expressly states that the personal property exemption does not apply to manufactured structures such as that owned by taxpayer. Accordingly, the property is subject to assessment and taxation.
Taxpayer argues that ORS 446.525 somehow exempts his manufactured home from assessment and taxation. That statute provides for a $6 special assessment on "each manufactured dwelling that isassessed for ad valorem property tax purposes as personal property." Id. (emphasis added). The special assessment is to be in addition to the assessment provided for by ORS308.105 because it only applies to property that is already being assessed as personal property — specifically, personal property not covered by the ORS 307.190 exemption. Taxpayer made essentially the same argument in Gall v. Dept. of Rev.,17 OTR 352, 354, *Page 193 aff'd, 337 Or 427, 98 P3d 390 (2004) (Gall II).
In that case, taxpayer's argument was based on ORS 308.905,[4] a statute similar to and containing substantially the same language as ORS 446.525. The court held that his argument was "wholly without merit." Id. The Supreme Court affirmed, holding that "there is no merit to taxpayers' assertion that [the special assessment statute] has replaced, and is a complete substitute for, the previously existing method of ad valorem taxation of mobile structures." Gall v. Dept. of Rev., 337 Or 427,431, 98 P3d 390 (2004) (Gall III). The Supreme Court went on to state that it is "clear that the structures subject to the special assessment also are subject to the usual ad valorem process." Id. at 432. The argument advanced by taxpayer in the instant case is the same song, second verse, and is equally without merit.
2. Increase in RMV of more than three percent
Taxpayer argues that the RMV and AV of his property impermissibly increased from $28,105 in the 2004-05 tax year to $30,353 in the current tax year, or about eight percent, in violation of ORS308.146. Taxpayer is mistaken about the law. The AV of real property is the lesser of its MAV or its RMV. See ORS308.146(2). MAV does not fluctuate with RMV, but is equal to 103 percent of the AV of the property from the prior tax year or 100 percent of its MAV from the prior tax year, whichever is greater.See ORS 308.146(1). There is no limit on how much the RMV of a property may increase, and, so long as the RMV of a property is *Page 194 
less than its MAV, its AV will be equal to its RMV. In contrast, and as more commonly occurs, where the RMV of a property is greater than its MAV, its AV will equal its MAV and thus increases will be limited to three percent each year — the most that MAV can increase. In a situation such as taxpayer's, therefore, where the RMV of the property of $30,353 is less than its MAV of $55,036, the three percent limitation does not come into play when calculating the AV of the property.
3. Involuntary servitude
Taxpayer argues that the assessment and taxation of his manufactured home constitutes involuntary servitude in violation of the Thirteenth Amendment to the United States Constitution. The "primary purpose of the [Thirteenth] Amendment was to abolish the institution of African slavery * * *." United States v.Kozminski, 487 US 931, 942, 101 L Ed 2d 788, 108 S Ct 2751
(1988). The phrase "involuntary servitude" was included in the amendment to "cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results." Id. (internal quotation marks omitted) (quoting Butler v. Perry,240 US 328, 332, 60 L Ed 672, 36 S Ct 258 (1916)). The obligation to pay property taxes is neither slavery nor involuntary servitude.See Leitch v. Dept. of Rev., 16 Or App 627, 629,519 P2d 1045 (1974) ("If plaintiff is made a slave by reason of the necessity for society to tax its individual members, we are all slaves. The argument is frivolous.").
4. Equal Protection
Taxpayer also argues that the assessment and taxation of his manufactured home violates the Equal Protection Clause of theFourteenth Amendment to the United States Constitution because the department is taxing personal property — manufactured homes — in some instances, but not in others. Taxpayer points out that the manufactured home is licensed by the Department of Motor Vehicles and compares it to a recreational vehicle, which would generally fall under the personal property exemption. Classifications that are made for tax purposes need only have a rational basis. Knapp I v. City ofJacksonville, 18 OTR 22, 39, aff'd, *Page 195 342 Or 268, 151 P3d 143 (2004). "It has long been settled that legislative bodies are afforded great latitude in fashioning classifications for tax purposes where the classifications are not made upon the basis of suspect categories or fundamental rights." Id. at 39 (citing Huckaba v. Johnson,281 Or 23, 25-26, 573 P2d 305 (1978). "[A] rational basis will be found to exist if there is `any conceivable state of facts' that would support the classification." Id. at 38 (quoting Huckaba, 281 Or at 26).
Such a conceivable state of facts exists in this case. The legislature could have concluded that:
 (1) the manner in which a manufactured home is used makes it very like real property;
 (2) unlike a recreational vehicle, a manufactured home is fixed in place and is generally used as a residence;
 (3) a manufactured home is not used for traveling or vacationing; indeed, it lacks any manner of self-propulsion and often lacks even apparatus that would allow it to be towed; and
 (4) a manufactured home has more in common with a house than it does an automobile.
Accordingly, the basis for classification is rational, and the court concludes that assessment and taxation of taxpayer's manufactured home does not violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.
Taxpayer has not made a claim based on Article I, section 20, of the Oregon Constitution, but the same standards and analysis set forth above would apply to such a claim. See Knapp
1,18 OTR at 39 (noting that the provisions of the Equal Protection Clause and those of Article I, section 20, of the Oregon Constitution are read similarly).
5. Tort claims
Taxpayer also makes various accusations and assertions that county officials have engaged in wrongful behavior and requests damages. To the extent that these are claims, they are in the nature of tort claims, and the Tax Court "has jurisdiction only in respect of issues arising under the tax laws of this state."Masse I v. Dept. of Rev., 18 OTR 100, 107 *Page 196 
(2004). A tort is not a tax matter by virtue of the alleged tortfeasors being tax assessors. Id. at 107-08 (citingSanok v. Grimes, 294 Or 684, 697-98, 662 P2d 693
(1983)). Accordingly, the court holds that it does not have jurisdiction to address those claims.
B. Request for attorney fees, costs, and damages for a frivolous appeal
The department requests attorney fees and costs pursuant to ORS20.105 and damages for a frivolous appeal pursuant to ORS305.437. Prior to and at the trial in the Regular Division, taxpayer was warned that costs, damages, or both could be awarded against him if his arguments were found to be frivolous, and he was encouraged to seek competent legal advice. Taxpayer assumed the risk of facing an award of costs or damages in going forward with his claims. The court has warned that "ordinary citizens without legal training are free to interpret the laws any way they choose," but "if their interpretations are contrary to those of the legislature and the Supreme Court, they do so at their peril." Newton v. Clackamas County Assessor, 18 OTR 389,393 (2006) (internal quotation marks omitted) (citing Harveyv. Dept. of Rev., 11 OTR 407, 409 (1990)). "Those who are unable or unwilling to have an attorney represent them are not immune from statutory penalties, no matter how sincere their beliefs or fervent their arguments." Id. (citingHarvey, 11 OTR at 209). The purpose behind awarding costs and damages is, at least in part, to discourage arguments or positions that waste the time and resources of the opposing party and the courts. See Gall II, 17 OTR at 355-56
(stating that taxpayers asserted positions "they found attractive without even rudimentary care given as to the validity of the argument" and noting that the court must appreciate that the defendant's costs would ultimately be borne by taxpayers' fellow citizens). There is no better example of a time- and resource-wasting activity than that of advancing claims that did not succeed in either division of this court or in the Supreme Court a few short years ago.
1. Attorney fees
ORS 20.105 provides that "the court shall award reasonable attorney fees" to the prevailing party "upon a *Page 197 
finding by the court * * * that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal." To determine whether an award of attorney fees is required, the court assesses whether taxpayer's claims, defenses, or grounds for appeal were "entirely devoid of legal or factual support at the time [they were] made." Patton I v. Dept. ofRev., 18 OTR 111, 126 (2004) (citing Dimeo v.Gesik, 195 Or App 362, 371, 98 P3d 397 (2004), adh'd to asmodified, 197 Or App 560, 106 P3d 697 (2005)) (internal quotation omitted). The court
 "makes that assessment at the time the complaint is filed and on an on-going basis thereafter by considering `whether a reasonable [litigant] would know that each of the arguments on appeal is not well grounded in fact or is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law.'"
Masse II v. Dept. of Rev., 18 OTR 240, 250 (2005) (quoting Patton II v. Dept. of Rev., 18 OTR 256, 262
(2005)). "[T]he court will not award attorney fees in any situation in which the nonprevailing taxpayer has advanced, throughout the proceedings, at least one objectively reasonable claim, defense, or ground for appeal." Patton II,18 OTR at 263 (citing Seely v. Hansen, 317 Or 476, 484,857 P2d 121 (1993)).
Taxpayer's claim that any tax on his manufactured home is limited to the $6 special assessment clearly has no basis in the law and, indeed, an essentially identical claim brought by taxpayer has already been held to be devoid of legal support. See GallII, 17 OTR at 355-56. The court finds no real difference between taxpayer's instant claim and the earlier claim and, therefore, concludes that it is frivolous.
Taxpayer has also made a claim based on ORS 308.146, nearly identical in substance to a claim made in Gall v. Dept. ofRev., 17 OTR 268, 270 (2003) (Gall I), that was litigated in the Magistrate Division, the Regular Division, and then affirmed on appeal to the Supreme Court. During the course of that litigation, the court explained to taxpayer that "there is no linkage between the RMV and MAV." Id. Although the argument was not ruled frivolous at that time, see GallII, 17 OTR at 355, the court did state that taxpayer was "fundamentally mistaken," Gall II, 17 OTR at 270, and *Page 198 
that admonition, along with taxpayer's return to an identical, previously defeated claim, serves to make the argument frivolous in the instant case.
The court's conclusion is also supported by the magistrate's decision, the existence of which the court may consider in its determination of whether a claim is frivolous. PattonII, 18 OTR at 263-64. After the instant case was heard in the Magistrate Division, the magistrate issued a lengthy, reasoned decision that explained the proper calculation of AV, and, using authority that is essentially identical to that which the court now uses, determined that taxpayer's legal reasoning was incorrect. Accordingly, the court concludes that the claim is frivolous.
Taxpayer also advances two constitutional claims. The basis of his Thirteenth Amendment claim has previously been held frivolous by the Court of Appeals. Leitch, 16 Or App at 629. Taxpayer's theory of an equal protection violation is also contrary to existing case law. Huckaba, 281 Or at 25-26;Button Lbr. Corp. v. Tax Com., 228 Or 525, 539,365 P2d 867 (1961). In addition, the magistrate below, using the same authorities on which this court relies, thoroughly explained to taxpayer that the Equal Protection Clause does not prevent the taxation of manufactured homes, even if they are deemed personal property. Accordingly, a reasonable litigant would conclude that the claim is not warranted either by existing law or by a reasonable argument for the extension, modification, or reversal of existing law. The court, therefore, concludes that taxpayer's equal protection claim is frivolous.
As to taxpayers' claims that are in the nature of tort claims, the court has already concluded that it lacks jurisdiction to consider them. Lack of jurisdiction operates as a bar to consideration of the merits of those claims, including whether or not they are frivolous. Curtis v. Dept. of Rev.,19 OTR 123, 127 (2006).
2. Damages
ORS 305.437 provides, in pertinent part, that damages not to exceed $5,000 are to be awarded to the department "[w]henever it appears that * * * the taxpayer's position * * * is frivolous or groundless." A taxpayer's position is *Page 199 
frivolous "if there was no objectively reasonable basis for asserting the position." Id. "For the purposes of ORS305.437, this court analyzes objective reasonableness under the same standard as that used under ORS 20.105." Yanez v.Washington County Assessor, 18 OTR 276, 281 (2005). Having concluded that all taxpayer's arguments are frivolous, the court must award the department damages.
 V. CONCLUSION
Taxpayer's manufactured home was properly assessed as personal property, and its AV was not improperly increased in violation of ORS 308.146. In addition, that assessment and taxation does not violate the provisions of the Thirteenth andFourteenth Amendments to the United States Constitution. The court concludes that it does not have jurisdiction to hear any of taxpayer's claims that are in the nature of tort claims. Finally, the department is awarded costs and attorney fees pursuant to application as provided by Tax Court Rule (TCR) 68 and damages for a frivolous appeal in the amount of $5,000. Now, therefore,
IT IS THE DECISION OF THIS COURT that taxpayer's requests are denied;
IT IS FURTHER DECIDED that the assessment of the manufactured home is upheld;
IT IS FURTHER DECIDED that the department shall be awarded damages in the amount of $5,000;
IT IS FURTHER DECIDED that the department shall be awarded costs and reasonable attorney fees, subject to compliance with TCR 68.
[1] All references to the Oregon Revised Statutes (ORS) are to the 2003 edition.
[2] ORS 446.525 provides, in pertinent part:
 "Special assessment; collection. (1) A special assessment is levied annually upon each manufactured dwelling that is assessed for ad valorem property tax purposes as personal property. The amount of the assessment is $6.
 "(2) On or before July 15, 1990, and on or before July 15 of each year thereafter, the county assessor shall determine and list the manufactured dwellings in the county that are assessed for the current assessment year as personal property. Upon making a determination and list, the county assessor shall cause the special assessment levied under subsection (1) of this section to be entered on the general assessment and tax roll prepared for the current assessment year as a charge against each manufactured dwelling so listed."
[3] Tangible property is defined as "all chattels and movables," as opposed to intangible property, which includes, to name a few examples, shares of stock, computer software, goodwill, and trade secrets. ORS 307.020(1), (3). Taxpayer's manufactured home falls into the former category.
[4] ORS 308.905 provides, in pertinent part:
 "(1) A special assessment is levied upon each manufactured structure that is assessed for ad valorem property tax purposes as personal property. The amount of the assessment is $5.
 "(2) The county assessor shall determine and list the manufactured structures in the county that are assessed for the current assessment year as personal property. Upon making a determination and list, the county assessor shall cause the special assessment levied under subsection (1) of this section to be entered on the general assessment and tax roll prepared for the current assessment year as a charge against each manufactured structure so listed. Upon entry, the special assessment shall become a lien, be assessed and be collected in the same manner and with the same interest, penalty and cost charges as apply to ad valorem property taxes in this state." *Page 200