I. INTRODUCTION
This matter is before the court on the form of General Judgment and Affidavit in Support of Claim for Attorney Fees prepared by Defendant (the department). In addition, *Page 201 
after the trial in this matter was held on September 21, 2006, but before the court rendered its opinion,[1] Plaintiff (taxpayer) filed two motions to admit evidence. After the court issued its opinion, taxpayer filed a Motion for Reconsideration that included objections to the department's form of judgment.
 II. ANALYSIS
A. Attorney Fees
The matter of attorney fees is governed by Tax Court Rule (TCR) 68 C, which states, in pertinent part:
 "(2) Procedure for Seeking Attorney Fees or Costs and Disbursements. The procedure for obtaining an award of attorney fees or costs and disbursements shall be as follows:
 "(2)(a) Filing and Serving Statement of Attorney Fees and Costs and Disbursements. A party seeking attorney fees or costs and disbursements shall, not later than 14 days after entry of judgment pursuant to TCR 67:
 "(2)(a)(i) File with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements, together with proof of service, if any, in accordance with TCR 9 C. The detailed statement shall show the amounts claimed in separate categories for attorney fees, accountant fees, witness fees, travel and other expense. The time and services provided by each attorney, accountant and expert witness shall be shown separately for (1) administrative proceedings, (2) preparing for trial and (3) participating in trial; and
 "(2)(a)(ii) Serve, in accordance with TCR 9 B, a copy of the statement on all parties who are not in default for failure to appear."
The specific objections by taxpayer to the department's claim for attorney fees in his Motion for Reconsideration are not well-taken; however, the department's filing does not meet the standard set forth by the rule. The department's filing is not a "detailed statement," which is a statement "marked by abundant detail or by thoroughness in treating small items *Page 202 
or parts." Beeler v. Dept. of Rev., 19 OTR 128, 130
(2006) (internal quotation marks omitted) (quoting Thompsonv. Long, 103 Or App 644, 645, 798 P2d 729 (1990)). The affidavit submitted by the department consists of only a general summary of the amount of time spent on the matter and the hourly rates that were charged for that time. Omitting a detailed statement, such as shown with detailed time records, is a "significant" defect that can prejudice an opposing party's ability to challenge the amount of attorney fees.Beeler, 19 OTR at 130. Accordingly, the department's claim for attorney fees must be denied.
B. Motion for Reconsideration
A motion for reconsideration "should state specific grounds and the authority" on which the party relies. TCR 80. Taxpayer's Motion for Reconsideration sets forth no grounds or authority upon which the court can conclude that reconsideration should be granted. Accordingly, the Motion for Reconsideration must be denied.
C. Motions to Admit into Evidence
As to taxpayer's post-trial Motion to Admit into Evidence and to Consider the 2006-07 Property Tax Statement and Motion to Admit into Evidence and to Consider the 2006-07 Property Tax Receipt, the record in the matter closed at the conclusion of the trial on September 21, 2006. Both motions are denied.
 III. CONCLUSION
Now, therefore,
IT IS ORDERED that Defendant's claim for attorney fees is denied.
IT IS FURTHER ORDERED that Plaintiff's Motion for Reconsideration is denied.
IT IS FURTHER ORDERED that Plaintiff's Motion to Admit into Evidence and to Consider the 2006-07 Property Tax Statement is denied.
IT IS FURTHER ORDERED that Plaintiff's Motion to Admit into Evidence and to Consider the 2006-07 Property Tax Receipt is denied.
[1] Gall v. Dept. of Rev., 19 OTR 188 (2006). *Page 203