I. INTRODUCTION
This matter comes before the court on Defendant's Motion for Reconsideration of Order Denying Defendant's Claim for Attorney Fees, Plaintiffs Motion to Deny Defendant's Claim for Attorney Fees, and Plaintiffs Motion to Re-Reconsider the Orders and Opinion.
 II. FACTS
On July 11, 2006, Plaintiff (taxpayer) appealed a Magistrate Division decision to the Regular Division of this court. Trial was held in the matter, and the court issued an Opinion on November 22, 2006, in favor of Defendant (the department). The opinion granted the department damages for a frivolous appeal, costs, and attorney fees pursuant to application under Tax Court Rule (TCR) 68. After trial but *Page 217 
before the court's opinion was issued, taxpayer filed two Motions to Admit into Evidence. After the court issued its Opinion, taxpayer filed a Motion for Reconsideration, and the department filed a Claim for Attorney Fees, along with a form of general judgment. On December 8, 2006, the court issued an Order denying the Motions to Admit into Evidence, the Motion for Reconsideration, and the Claim for Attorney Fees. In response to that Order, the department filed a Motion for Reconsideration of Order Denying Defendant's Claim for Attorney Fees. In addition, taxpayer filed a Motion to Deny Defendant's Claim for Attorney Fees and a Motion to Re-Reconsider the Orders and Opinion. This order addresses those motions.
 III. ANALYSIS
A. Attorney fees
The department's Claim for Attorney Fees was denied for failure to provide the detailed statement required under TCR 68. In support of its request for reconsideration, the department argues that taxpayer did not object to the claim and was not prejudiced, and that its claim substantially complies with TCR 68. The department also argues that TCR 70 A(2)(a)(viii) allows the court to fill in a specific amount on the form of judgment without making a determination under TCR 68 C. In addition, the department submitted a detailed statement along with its Motion for Reconsideration and argues that, because judgment has not yet issued in the case, the court should now award attorney fees.
1. Detailed statement
The department argues that, because taxpayer did not timely object to the attorney fee statement, the court should allow the fee award. Although taxpayer did not object, that fact alone is not determinative to an attorney fee award. TCR 68 C(2)(a)(i) requires that the party seeking an attorney fee award "[f]ile with the court a * * * detailed statement," which was not done here. The question does not turn on whether the other party objects to the lack of specificity; the onus to provide the appropriate specificity is on the party seeking fees. Beelerv. Dept. of Rev., 19 OTR 128, 130 (2006). Indeed, if the opposing party does not receive a detailed *Page 218 
statement as to fees, it may be impossible for objections to be formulated. Id.
The department also argues that taxpayer was not prejudiced by the lack of a sufficiently detailed attorney fee statement. The court disagrees. In Beeler, the court held that the taxpayer, not having been provided with a detailed statement, was prejudiced in his ability to challenge it. 19 OTR at 130. The same reasoning applies here, despite the fact that taxpayer did not request a hearing as the taxpayer in Beeler did. The department's substantial compliance argument fails for the same reasons.
 2. Procedure under TCR 68 and TCR 70 for claiming attorney fees
There are two avenues for seeking an award of attorney fees in the Tax Court: as part of a general judgment or by supplemental judgment. See TCR 68 C(3). The first method may be used when "all issues regarding attorney fees or costs * * * have been determined" before the judgment pursuant to TCR 67 has been issued. TCR 68 C(3)(a). If all issues regarding attorney fees are resolved, the court is to include the award of attorney fees in the general judgment. Id. The second avenue set forth by TCR 68 C is to proceed by way of supplemental judgment.See TCR 68 C(3)(b). That avenue may be used when all issues of attorney fees have not been determined before judgment is issued pursuant to TCR 67. Id.
No matter which method is utilized by the party seeking attorney fees, TCR 68 sets forth the procedure that is to be used. That rule provides that a party seeking attorney fees is to "file with the court a signed and detailed statement of the amount of attorney fees." TCR 68 C(2)(a)(i).[1] See alsoThompson v. Long, 103 Or App 644, 645, 798 P2d 729 (1990) *Page 219 
("A party claiming attorney fees must serve a verified and detailed statement of the amount of attorney fees" (internal quotation and quotation marks omitted).). It does not differentiate between the two methods; the detailed statement must accompany every petition for attorney fees. If the opposing party objects to the petition, a hearing must be held. TCR 68 C(2)(c)(i). If the opposing party objects, any issue on the amount attorney fees necessarily remains undetermined until that party has an opportunity to be heard.
When a party has chosen to submit a claim or petition as part of a general judgment and that claim or petition is then denied, that party cannot then resubmit it by supplemental judgment in order to correct the defects present in the first claim or petition. That would circumvent the requirements of the rule. Here, the department submitted the required detailed statement in accordance with TCR 68 after its claim was previously denied for lacking the requisite detailed statement. Accordingly, the court will not consider the detailed statement appended to the department's motion.[2]
The department also argues that the detailed statement required by TCR 68 is not required so long as the party seeking the award has included a specific amount on the form of judgment because TCR 70 A(2)(a)(viii),[3] governing the form of judgments, does not require the inclusion of specific amounts that are to be determined later under TCR 68. Although it is correct that if a party chooses to go forward with a petition for attorney fees by way of general judgment a specific amount must be included, that fact does not remove *Page 220 
the requirement that the specific amount sought be supported by the detailed statement as required by TCR 68. The language to which the department refers means only that a party does not need to include a specific fee award amount on the general judgment if the fee award is to be determined later by supplemental judgment. It would not be consistent to require a detailed statement in one instance but not the other. Accordingly, submission of a form of general judgment with a specific award of attorney fees but without the supporting detailed statement is inadequate to support an award of attorney fees.
 3. Taxpayer's Motion to Deny Defendant's Claim for Attorney Fees
Taxpayer has filed a Motion to Deny Defendant's Claim for Attorney fees. Taxpayer's motion was not timely filed under TCR 68 C(2)(b). In addition, the court has already ruled that the department's attorney fee claim must be denied, and, therefore, taxpayer's objections are moot.
B. Reconsideration of the Orders and Opinion
Taxpayer requests reconsideration of the order[4] that denied his Motions to Admit into Evidence and Motion for Reconsideration. Under TCR 80, a motion for reconsideration "should state specific grounds and the authority" upon which taxpayer relies. Taxpayer's motion is a restatement of the same arguments that he submitted in his previous motion for reconsideration. They remain insufficient; taxpayer sets forth no grounds or authority upon which the court can conclude that reconsideration should be granted.
As to the Opinion, under TCR 80, a motion for reconsideration must be submitted within 20 days of the date of the opinion. Taxpayer's motion was submitted December 15, 2006, which is 23 days after the date the court's opinion was issued; therefore, it is not timely. The court also notes that taxpayer has already timely submitted a motion for reconsideration under TCR 80, which was denied. Taxpayer's current *Page 221 
motion advances the same arguments, and, could it be considered, would be denied on the same grounds.
 IV. CONCLUSION
Now, therefore,
IT IS ORDERED that Defendant's Motion for Reconsideration of Order Denying Defendant's Claim for Attorney Fees is denied;
IT IS FURTHER ORDERED that Plaintiffs Motion to Deny Defendant's Claim for Attorney Fees is denied; and
IT IS FURTHER ORDERED that Plaintiffs Motion to Re-Reconsider the Orders and Opinion is denied.
[1] TCR 68 C(2)(a)(i) provides that a party seeking attorney fees or costs and disbursements shall:
 "File with the court a signed and detailed statement of the amount of attorney fees or costs and disbursements, together with proof of service, if any, in accordance with TCR 9 C. The detailed statement shall show the amounts claimed in separate categories for attorney fees, accountant fees, witness fees, travel and other expense. The time and services provided by each attorney, accountant and expert witness shall be shown separately for (1) administrative proceedings, (2) preparing for trial and (3) participating in trial."
[2] Under Russell v. Nikon, Inc., 207 Or App 266, 269,140 P3d 1179 (2006), "a lack of specificity or detail in the written documents filed under ORCP 68 may be remedied by the evidence presented at a hearing on attorney fees." (citingOrendain v. Meyer Square Ltd., 97 Or App 608, 612,776 P2d 1300 (1989)). A hearing under TCR 68 was not required in this case because taxpayer did not timely object to the attorney fee claim. In addition, the court is not required "to receive evidence to supply detail that is totally lacking in a statement." Orendain, 97 Or App at 613 n 1.
[3] TCR 70 A(2)(a)(viii) provides:
 "If the judgment awards costs and disbursements or attorney fees, that they are awarded and any specific amounts awarded. This subparagraph does not require inclusion of specific amounts where such will be determined later under TCR 68 C."
[4] Taxpayer requests reconsideration of the court's "orders," but the court has only issued one order, dated December 8, 2006, so must assume that is the order to which taxpayer refers. *Page 222