Submitted on the record August 7, judgment of Tax Court
affirmed October 11, 2007

Joseph GALL,
*Plaintiff-Appellant,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant-Respondent.*

(TC 4767; SC S54580)

170 P3d 558

Joseph Gall, appellant *pro se*, filed the brief for himself.

Douglas M. Adair, Assistant Attorney General, Salem, filed the brief for defendant-respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. William, Solicitor General.

KISTLER, J.

## KISTLER, J.

This case arises out of the assessment and taxation of taxpayer's manufactured home for the 2005-06 tax year. In the Oregon Tax Court, taxpayer raised various challenges to each of those two decisions, which the Tax Court rejected. Taxpayer now appeals to this court. We affirm the Tax Court's judgment.

Article XI, section 11, of the Oregon Constitution (Measure 50) establishes a means for determining the maximum amount that property may be assessed (the "maximum assessed value" of the property), and it also limits the amount that the maximum assessed value may increase each year. See *Flavorland Foods v. Washington County Assessor*, 334 Or 562, 565, 54 P3d 582 (2002) (explaining Measure 50). Taxpayer owns a manufactured home but not the land on which that home sits. Under Measure 50, the maximum assessed value of that home was $55,036 during the relevant time period. For the 2004-05 and the 2005-06 tax years, the real market value of taxpayer's home ($28,105 and $30,353 respectively) was less than its maximum assessed value. When the real market value of property is less than its maximum assessed value, Measure 50 directs counties to assess the property at its real market value. Or Const, Art XI, § 11(1)(f); *Flavorland Foods*, 334 Or at 565. The county accordingly assessed the value of taxpayer's manufactured home as $28,105 for the 2004-05 tax year and $30,353 for the 2005-06 tax year.

In the Tax Court, taxpayer raised a variety of challenges to the 2005-06 assessment and taxation of his home. He argued that the increase in assessed value from the 2004-05 tax year to the 2005-06 tax year was greater than Measure 50 permits. Alternatively, he argued that his home was not subject to ad valorem taxation but was instead subject only to a special assessment described in ORS 446.525. He also argued that taxing his manufactured home was an involuntary servitude in violation of the Thirteenth Amendment to the United States Constitution and that taxing manufactured homes but not other personal property violated the Equal Protection Clause of the Fourteenth Amendment to

the United States Constitution. Finally, taxpayer sought to pursue various tort claims against government officials in the Tax Court. The Tax Court rejected taxpayer's claims and awarded the Department of Revenue $5,000 in "damages" because it determined that taxpayer's arguments were not objectively reasonable.[1] Taxpayer has appealed to this court.

■ We begin with taxpayer's challenge to the assessed value of his property for the 2005-06 tax year. He argues that the increase in the assessed value of his home from the 2004-05 tax year to the 2005-06 tax year violated Measure 50. As noted, the assessed value of taxpayer's home increased from $28,105 for the 2004-05 tax year to $30,353 for the 2005-06 tax year, or by approximately eight percent. Petitioner contends that that increase violates Measure 50, which limits increases in the maximum assessed value of property to three percent annually. *See* Or Const, Art XI, § 11(1)(b) (providing that, after July 1, 1997, "the property's maximum assessed value shall not increase by more than three percent from the previous year").

The difficulty with taxpayer's argument is that Measure 50 limits the amount by which the *maximum* assessed value of a given property may increase. *See Flavorland Foods*, 334 Or at 565 (explaining proposition). It does not purport to limit the amount by which the assessed value of property may increase when, as in this case, the assessed value of property is less than its maximum assessed value.

There is a suggestion in taxpayer's argument that the maximum assessed value of property should be reduced whenever the real market value of the property drops. To the extent that taxpayer's argument rests on that assumption, we note that this court held in *Gall v. Dept. of Rev. (Gall I)*, 337 Or 427, 432 n 7, 98 P3d 390 (2004), that "taxpayers' contention that the MAV [maximum assessed value] on the property must be reduced to the RMV [real market value] for the property [i]s wrong."

---

[1] ORS 305.437 permits the Tax Court to award up to $5,000 in damages to the Department of Revenue when a taxpayer's position is frivolous, which the statute defines as lacking an "objectively reasonable basis."

■     Taxpayer next argues that, even if the county correctly assessed the value of his property, his manufactured home is not subject to ad valorem taxation on the assessed value but is instead subject only to a $6 special assessment described in ORS 446.525(1). That subsection provides:

> "A special assessment is levied annually upon each manufactured dwelling that is assessed for ad valorem property tax purposes as personal property. The amount of the assessment is $6."

This court considered and rejected a virtually identical argument in *Gall I*. In that case, this court held that the taxpayers' manufactured home was subject to both ad valorem property taxes and a $5 special assessment described in ORS 308.905. 337 Or at 431-32. In reaching that conclusion, the court began from the proposition that a manufactured structure, such as a manufactured home, "that is owned 'separately and apart' from the land on which it is situated" is generally subject to assessment and taxation under the ad valorem tax laws as personal property. *Id.* at 430. The court then considered the effect of ORS 308.905(1), which provides:

> "A special assessment is levied upon each manufactured structure that is assessed for ad valorem property tax purposes as personal property. The amount of the assessment is $5."

After analyzing the wording of ORS 308.905(1), this court concluded that "there is no merit to taxpayers' assertion that ORS 308.905 has replaced, and is a complete substitute for, the previously existing method of ad valorem taxation of mobile structures." *Id.* at 431-32. Rather, the taxpayers in *Gall I* had to pay both the special assessment under ORS 308.905 and ad valorem property taxes. *Id.* at 432.

The holding in *Gall I* provides a complete answer to taxpayer's arguments in this case. Not only is taxpayer's manufactured home subject to ad valorem taxation, as the court recognized in *Gall I*, but ORS 446.525(1) is, for the purposes of taxpayer's claim, indistinguishable from ORS 308.905(1), which the court considered in *Gall I*. ORS 446.525(1) provides no basis for holding, as taxpayer urges, that his manufactured home is subject only to the $6 special assessment described in that subsection.

■     Finally, taxpayer argues that the Tax Court erred in assessing damages against him because, in his view, his arguments before that court were objectively reasonable. We reach a different conclusion. As our discussion of taxpayer's arguments demonstrates, his arguments lacked an "objectively reasonable basis." ORS 305.437. The Tax Court permissibly concluded that the statutory predicate for awarding "damages" was present.[2]

The judgment of the Tax Court is affirmed.

---

[2] Taxpayer raises a host of other challenges to the Tax Court's decision. We have considered all of them and conclude either that he failed to preserve them or that his various challenges lack merit. Explaining why we reach that conclusion would not benefit the bench, the bar, or the public.