Argued and submitted September 6, 2007, judgment of Tax Court reversed, and
case remanded to that court for further proceedings January 29, 2009

# DEPARTMENT OF REVENUE,
*Plaintiff-Respondent,*

*v.*

## Oscar A. CROSLIN
### and Gloria J. Bas-Croslin,
*Defendants-Appellants.*

(OTC 4728; SC S054012)

201 P3d 900

Kevin Keaney, Portland, argued the cause and filed the brief for defendant-appellants.

Rochelle Nedeau, Assistant Attorney General, Salem, argued the cause and filed the brief for plaintiff-respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

DURHAM, J.

**DURHAM, J.**

Taxpayers appeal from a judgment of the Oregon Tax Court.[1] The tax court determined that, because taxpayers' position in the magistrate division was frivolous, ORS 305.437, which we quote below, obligated the magistrate to award damages to the Department of Revenue (department) and that the magistrate had erred in declining to do so. The tax court also determined that taxpayers' position on appeal in that court was frivolous. Accordingly, the tax court awarded damages to the department under ORS 305.437 on the basis of taxpayers' position in both divisions. The tax court also awarded attorney fees to the department under ORS 20.105, quoted below, because the department had prevailed on its claim for damages and because the court determined that taxpayers' arguments in the regular division, with one exception that we will discuss, were frivolous.[2] *Dept. of Rev. v. Croslin*, 19 OTR 69 (2006).

For the reasons discussed below, we conclude that ORS 305.437 did not require the magistrate, under the facts shown here, to award damages to the department. The tax court erred in concluding otherwise. The tax court also erred in awarding damages under ORS 305.437, because taxpayers' position in the regular division was not frivolous. Finally, because taxpayers prevailed on the department's claim for damages against them—and the tax court should have so concluded—ORS 20.105 does not authorize an award

---

[1] ORS 305.405 created the Oregon Tax Court, which consists of a "regular division" and a "magistrate division." *See* ORS 305.404 (providing in part, "[i]n an appropriate case, 'tax court' may include either the regular division or the magistrate division of the Oregon Tax Court, or both, or the judge or judges of the tax court or its magistrates or a combination"); *see also* ORS 305.498(1) (establishing magistrate division in Oregon Tax Court). Subject to certain exceptions that are not pertinent here, an appeal to the tax court is heard by a tax court magistrate. ORS 305.501(1). Any party dissatisfied with the magistrate's decision "may appeal the decision to the judge of the tax court by filing a complaint in the regular division of the tax court * * *." ORS 305.501(5)(a). ORS 305.425(1) provides:

"All proceedings before the judge of the tax court shall be original, independent proceedings and shall be tried without a jury and *de novo.*"

For ease of reference, in this opinion, "tax court" refers to the regular division of the Oregon Tax Court.

[2] The department did not seek an award of attorney fees from the tax court for its advocacy in the magistrate division, because the department was not represented by an attorney in the magistrate division.

of attorney fees against taxpayers. Therefore, we reverse the judgment of the tax court.

## I.   STATUTES AND PROCEDURAL BACKGROUND

An understanding of the text of the statutes that authorize awards of damages and attorney fees by the tax court will aid our discussion of the procedural context and decision below. Accordingly, we quote those statutes at this point.

ORS 305.437 provides:

"(1)   Whenever it appears to the Oregon Tax Court that proceedings before it have been instituted or maintained by a taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless, damages in an amount not to exceed $5,000 shall be awarded to the Department of Revenue by the Oregon Tax Court in its judgment. Damages so awarded shall be paid within 10 days after the judgment becomes final. If the damages remain unpaid, the department may collect the amount awarded in the same manner as income taxes are collected under ORS 314.430.

"(2)   As used in this section, a taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position."

ORS 20.105 provides, in part:

"(1)   In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

With those provisions in mind, we turn to the procedural history that gives rise to this appeal. Taxpayers filed an income tax return for the year 2002, in which they claimed that they had received no income. The department disagreed and issued a notice of assessment to taxpayers. On

November 15, 2004, taxpayers, proceeding *pro se,* filed a complaint in the magistrate division of the Oregon Tax Court, making arguments that, as they now concede, lacked an objectively reasonable basis.[3] The department defended its assessment and requested an award of damages under ORS 305.437. The department, however, offered no evidence of the nature or the extent of its damages resulting from taxpayers' frivolous arguments. On February 22, 2005, the magistrate issued a decision that upheld the assessment and agreed that taxpayers' arguments were frivolous. However, in a later order dated March 24, 2005, the magistrate declined to award damages to the department, stating:

> "The court's sticking point, however, is that [the department's] actual damages are trivial. The court has made an economical use of its resources. [The department's] participation to date has consisted of filing a routine pleading and participating in a brief telephone hearing. Under the thinking that any award would be de minimus [*sic*], the court will not revise its Decision to allow damages."

Taxpayers paid the assessed tax, together with penalties and interest, on or around April 4, 2005.

On April 22, 2005, the department appealed to the regular division of the Oregon Tax Court, seeking an order remanding the case to the magistrate with instructions to award damages under ORS 305.437, because taxpayers had asserted a frivolous position before the magistrate. In their answer, taxpayers argued that their position was not frivolous. In particular, taxpayers pointed out that "[t]he order from [the magistrate] was clear in that it stated that the damages were 'trivial.' "

The department then moved for summary judgment, asking the tax court to uphold the assessment of taxes and award damages under ORS 305.437. The department sought to dispute the magistrate's conclusion that the department

---

[3] For example, taxpayers asserted that they had earned no "income" because they were not "employees" and also had earned no "wages." However, they arrived at their position only by seriously misinterpreting the pertinent statutory definitions of those and other terms, and by ignoring clear evidence of their liability. Taxpayers, as they now acknowledge, cannot rely on their plainly incorrect view of the facts and the tax statutes to avoid paying their taxes.

had incurred only "trivial" damages by attaching an affidavit averring that the department had paid approximately $285 to two employees to audit taxpayers' return. The department argued that, notwithstanding that expense, the court was not limited to that sum in determining damages under ORS 305.437 and that it could consider other factors, such as resources expended by the department and by the court, and taxpayers' "defiant attitude." In their response, taxpayers repeated several arguments that the magistrate had found frivolous, but also expressly relied on the magistrate's description of the department's actual damages as "trivial." The tax court denied summary judgment. Each party filed amended pleadings, and the matter proceeded toward trial on the department's claim for damages.[4]

Prior to trial, taxpayers retained legal counsel. On the eve of the trial, taxpayers moved to withdraw their original complaint in the magistrate division and explained that they "ha[d] accepted, and do now accept," the magistrate's decision, that they had not appealed from the magistrate's decision, and that they had paid the tax deficiency 10 months earlier. The tax court denied the motion, stating that it had no authority to allow withdrawal of the complaint from a separate proceeding before the magistrate division. *Croslin*, 19 OTR at 73.

At trial before the tax court, the department maintained that ORS 305.437 mandated an award of damages because taxpayers had asserted frivolous arguments before the magistrate and also in the regular division, at least until they withdrew them before trial. The department asserted that it was not required to prove its damages with evidence. Finally, the department contended that the court's authority

---

[4] The department argued to the tax court that taxpayers' reference in their answer to some of their earlier arguments, such as the purported nontaxability of wages, meant that taxpayers were seeking to overturn the magistrate's decision and obtain a refund of their taxes, and were not attempting only to justify the magistrate's decision not to award damages. However, taxpayers did not appeal the magistrate's decision to the regular division, and their answers to the department's complaint contain no counterclaim or other request for relief from the magistrate's decision. Taxpayers' answer to the department's amended complaint stated, in pertinent part: "Defendants feel that there are issues that have been repeatedly addressed, that at this point are irrelevant to the real issue at hand. Damages." Taxpayers' arguments were not so broad as the department contended.

to award damages under ORS 305.437 was not limited to the department's expenses. In the department's view, that statute also permitted the court to award an amount that would punish taxpayers, prevent a waste of resources, and send a message of deterrence to other taxpayers.

Taxpayers again confirmed that they had abandoned their earlier frivolous arguments. They argued that they were not liable for damages under ORS 305.437 because they had not "instituted or maintained" the proceeding in the regular division, within the meaning of that statute. Taxpayers defended the magistrate's decision declining to award damages on the ground that the record before the magistrate had lacked any evidence of the department's damages. They pointed out that the department had introduced evidence of its approximately $285 auditing expense for the first time in the regular division. They asserted that there was no evidence establishing a causal link between taxpayers' frivolous arguments and the department's auditing expense. Finally, taxpayers asserted that the department was not entitled to an award of attorney fees.

The tax court acknowledged taxpayers' concession that their arguments before the magistrate division had been frivolous and also determined that taxpayers had continued to assert those arguments in the regular division before abandoning them prior to trial. Their abandonment of those arguments was "of limited help," the court stated, and amounted to an "attempt to extend the white flag of surrender at the eleventh hour in order to stave off an award of attorney fees and damages." *Croslin*, 19 OTR at 75 (quoting *Masse II v. Dept. of Rev.*, 18 OTR 240, 253 (2005) (internal quotation marks omitted)).

Next, the tax court rejected taxpayers' argument that ORS 305.437 did not apply to the proceeding in the regular division because taxpayers had not "instituted or maintained" it. The tax court concluded that ORS 305.437 applied to all proceedings "regardless of which party instituted or maintained the action," *id.* at 77, and that taxpayers' argument on that point was not only wrong, but was frivolous itself. *Id.* at 78.

The tax court then turned to taxpayers' argument that the department had failed to prove its damages. The tax

court opined that it was authorized by ORS 305.437 to award damages for any of three purposes—punishment, deterrence, and compensation—and that that statute imposed no requirements of pleading or proof as predicates for an award of damages. Nonetheless, the tax court held that taxpayers' argument on that point was not frivolous, because they "might have relied on statements in the magistrate's decision." *Croslin*, 19 OTR at 80. In sum, the tax court held that taxpayers' arguments before both the magistrate division and the regular division were frivolous, with the one exception of taxpayers' argument regarding proof of the appropriate amount of damages. On the basis of the arguments that the tax court deemed frivolous, the court awarded damages to the department under ORS 305.437 in the sum of $1,000.

The tax court next addressed the department's request for attorney fees under ORS 20.105. First, the court determined that the department was the prevailing party. The court then stated that a single nonfrivolous "claim, defense or ground for appeal" ordinarily would enable taxpayers to avoid an award of attorney fees. *Id.* at 81 (citing *Patton II v. Dept. of Rev.*, 18 OTR 256, 262 (2005)). However, the court held that the statutory phrase "claim, defense or ground for appeal" referred solely to arguments raised in the pleadings. According to the tax court, taxpayers had not advanced their one nonfrivolous argument, that the magistrate correctly declined to award damages, until the eve of trial. The tax court held that taxpayers could not "avoid an award of attorney fees simply by throwing a nonfrivolous argument into the mix at the last minute." *Id.* at 82. Accordingly, the tax court awarded attorney fees to the department in the amount of $6,000.

On appeal to this court, taxpayers challenge the awards of damages and attorney fees by the tax court.

## II. ANALYSIS

Like the tax court, we address three separate issues that this case poses:

1. Does ORS 305.437 require the magistrate to award damages against taxpayers?

2. Does ORS 305.437 require or permit the tax court to award damages against taxpayers?

3. Does ORS 20.105 authorize the tax court to award attorney fees against taxpayers?

A. *The Claim for Damages in the Magistrate Division*

■      The regular division proceeding is an "original, independent proceeding[ ] and [is] tried * * * *de novo*." ORS 305.425(1). Despite the independent and *de novo* character of the regular division proceeding, we see nothing inappropriate in the decision of the tax court to examine whether the magistrate had erred in applying ORS 305.437. The answer to that inquiry potentially could affect the extent of any award of damages that the tax court might make. We turn, then, to the magistrate's application of ORS 305.437.

At the outset, we note that we have no disagreement with the magistrate's conclusion, with which taxpayers now agree, that taxpayers' original justifications for denying that they had earned income in 2002 were frivolous. This court rejected similar justifications by a taxpayer as frivolous in *Combs v. Dept. of Rev.*, 331 Or 245, 248, 14 P3d 584 (2000), and affirmed an award of damages under ORS 305.437. The sole legal question here concerns the magistrate's refusal to award damages to the department. To resolve that question, we must interpret ORS 305.437. In the words of that statute, we must determine the legislature's intent in requiring an award of "damages" to the department when "the taxpayer's position in such proceeding is frivolous."[5]

No statute specially defines "damages," as ORS 305.437 uses that term. However, the term "damages" has an established legal meaning.[6] *Black's Law Dictionary* 351-52 (5th ed 1979) provides the following legal definition of "damages":

> "A pecuniary compensation or indemnity, which may be recovered in the courts by any person who has suffered loss, detriment, or injury, whether to his person, property, or

---

[5] *Combs* did not explore the meaning of the statutory term "damages," because the taxpayer in that case asserted no challenge to the amount of damages that the tax court had awarded.

[6] ORS 31.710(2) contains special definitions of the phrases "economic damages" and "noneconomic damages" that apply to certain civil proceedings for bodily injury, death, or property damage described in ORS 31.710(1). Those statutory definitions do not apply to ORS 305.437.

rights, through the unlawful act or omission or negligence of another. A sum of money awarded to a person injured by the tort of another. *Restatement, Second, Torts*, § 12A."

Under that legal definition, a "damages" award, in its essence, compensates a party for the injury caused to that party by a wrong or injury. The extent of a party's "damages" typically depends on proof of a loss or injury that flows as a direct consequence of the wrongful act or omission in question. We conclude that ORS 305.437 incorporates at least that compensatory principle in referring to a "damages" award in favor of the department.

Courts also are familiar with another form of damages, "punitive" or "exemplary" damages. Courts award that form of damages over and above compensation for loss or injury to punish an actor for aggravated or oppressive behavior and to deter or set an example for similar wrongdoers.

"In cases in which it is proved that a defendant has acted willfully, maliciously, or fraudulently, a plaintiff may be awarded exemplary damages in addition to compensatory or actual damages."

*Id.* at 352. Whether ORS 305.437 requires (or even permits) a damages award not only to compensate the department for loss but also to punish taxpayers is a question that the text of that statute does not answer.

In other statutes that govern the administration of tax laws, the legislature has used a different term, *i.e.*, "penalty," to describe a monetary fine that is designed to inflict punishment for wrongful conduct. *See* ORS 305.228(1), (2);[7]

---

[7] ORS 305.228 provides, in part:

"(1) The Department of Revenue shall assess a *penalty* against any person who has previously tendered a dishonored check, draft, order or electronic funds transfer for the payment of any amount collected by the department and who subsequently makes and tenders to the department any check, draft, order or electronic funds transfer for the payment of any tax or any other amount collected by the department, including amounts assigned for collection under ORS 293.250, that is dishonored by the drawee for the following reasons:

"(a) Lack of funds;

"(b) Lack of credit;

"(c) Because the maker has no account with the drawee; or

"(d) Because the maker has ordered payment stopped on the check, draft, order or electronic funds transfer.

ORS 316.992(1), (2).[8] The term "penalty" also is a familiar legal concept; it "involves [the] idea of punishment, corporeal or pecuniary, or civil or criminal, although its meaning is generally confined to pecuniary punishment." *See Black's* at 1020 (defining "penalty").

From the foregoing, it appears that the legislature's use of the word "damages," rather than "penalty," in ORS 305.437 indicates that the legislature intended an award of damages under that statute to serve the objective of compensation for proven loss, but not punishment. Two additional aspects of statutory text reinforce that view.

First, each of the penalty statutes quoted above incorporates a mathematical formula that governs calculation of the penalty. Under ORS 305.228(2), the penalty for tendering a dishonored check or other negotiable instrument is "the greater of $25 or three times the amount of the dishonored check, draft, order or electronic funds transfer. The amount of the penalty shall not be greater than $500." Under ORS 316.992(1), the penalty for filing an incomplete or incorrect return is a specific sum, $250. Those statutes leave no discretion for the calculation of a "penalty." ORS 305.437, by contrast, contains no formula for calculating "damages," except that the award may not exceed $5,000.

---

"(2) The amount of the *penalty* assessed under subsection (1) of this section shall be equal to the greater of $25 or three times the amount of the dishonored check, draft, order or electronic funds transfer. The amount of the penalty shall not be greater than $500."

(Emphasis added.)

[8] ORS 316.992 provides, in part:

"(1) The Department of Revenue shall assess a *penalty* of $250 against any individual who files what purports to be a return of the tax imposed by this chapter but which:

"(a) Does not contain information on which the substantial correctness of the self-assessment may be judged; or

"(b) Contains information that on its face indicates that the self-assessment is substantially incorrect.

"(2) A *penalty* may be imposed under subsection (1) of this section only if the conduct referred to in subsection (1) of this section is due to:

"(a) A position which is frivolous; or

"(b) An intention, apparent on the face of the purported return, to delay or impede the administration of the income tax laws of this state."

(Emphasis added.)

Second, ORS 316.992(2) permits imposition of a penalty for filing an incomplete or incorrect return only if the improper filing is due to "[a] position which is frivolous" or an intention "to delay or impede the administration of the income tax laws of this state." ORS 305.437 addresses frivolous and delay-motivated litigation, but does so through an award of "damages," not a penalty. The distinctive textual elements discussed above indicate that the legislature intended ORS 305.437 to incorporate a policy of compensation for the department's proven losses caused by a taxpayer's frivolous litigation, but not an additional policy of financial recovery beyond compensation to punish the taxpayer. We reach that conclusion to give effect, as we must, to the legislature's use in the tax statutes of different terms, each with well-known definitions, to describe different consequences for frivolous litigation. The department cites no authority supporting a contrary statutory construction.

Although not cited by the parties or the court below, one case is relevant to our discussion. In *Stirling v. Dari-Delite, Inc.*, 262 Or 359, 491 P2d 1168, *on motion for damages*, 494 P2d 252, *on motion to recall mandate*, 498 P2d 753 (1972), this court had awarded a monetary sum against an unsuccessful defendant who, on appeal, had failed to obtain reversal of a default judgment for damages in the sum of $84,700. A statute, *former* ORS 19.160 (1953), *renumbered as* ORS 19.445 (1997),[9] required the appellate court, on affirming a judgment for recovery of money, to give judgment for an additional specific sum—10 percent of the amount of the trial court judgment—"for damages for the delay," unless there was probable cause for taking the appeal. After the court made that award on appeal, the defendant's surety, an insurance company, challenged its liability for the additional award of "damages for the delay." This court declined to relieve the surety company of its liability, because the legislature had used the same word,

---

[9] ORS 19.445 provides:

"Whenever a judgment is affirmed on appeal, and it is for recovery of money, or personal property or the value thereof, the judgment shall be given for 10 percent of the amount thereof, for damages for the delay, unless it appears evident to the appellate court that there was probable cause for taking the appeal."

"damages," to describe the amounts for which a surety was liable on appeal.

In *dictum*, this court in *Stirling* described the statutory award for "damages for the delay" under *former* ORS 19.160 as a "penalty to discourage frivolous appeals taken without probable cause for the purpose of delay * * *." *Id.* at 370. We agree with that characterization. Like the penalty statutes regarding tax law administration discussed above, the statute in *Stirling* required imposition of a judgment for a specific amount of money as the price for identified misconduct on appeal. As the court explained in *Stirling*, the legislature's specification of the required amount of the award on appeal defeated any inference that the amount of "damages for the delay" depended on a showing of actual damages. That circumstance, and the legislature's distinctive use of the terms "damages" and "penalty" in the tax statutes, distinguish *Stirling* for purposes of this discussion.

In addition to the term "penalty," the legislature also has used the word "sanction" to describe, among other things, a monetary award, in favor of either a party or the court, that results from certain misconduct during litigation. ORCP 17 D provides, in part:

> "(1) The court may impose *sanctions* against a person or party who is found to have made a false certification under section C of this rule, or who is found to be responsible for a false certification under section C of this rule.

> "* * * * *

> "(4) *Sanctions* under this section must be limited to amounts sufficient to reimburse the moving party for attorney fees and other expenses incurred by reason of the false certification, including reasonable attorney fees and expenses incurred by reason of the motion for sanctions, and upon clear and convincing evidence of wanton misconduct amounts sufficient to deter future false certification by the party or attorney and by other parties and attorneys. The *sanction* may include monetary penalties payable to the court. The *sanction* must include an order requiring payment of reasonable attorney fees and expenses incurred by the moving party by reason of the false certification."

(Emphasis added.)

Sanctions awarded under ORCP 17 D(4) carry express compensatory and punitive consequences. We think that it is significant that the legislature, in referring to "damages" in ORS 305.437, incorporated no wording, similar to that in ORCP 17 D(4), confirming that a damages award should reflect the amount necessary to deter misconduct by a party or attorney.

We conclude from the foregoing that the legislature clearly intended an award of "damages" under ORS 305.437 to compensate the department for its actual losses caused by a taxpayer's pursuit of a frivolous position in proceedings before the Oregon Tax Court. No party contends that that statute has no application in the magistrate division, so the magistrate properly considered its application to the facts before him. The record before the magistrate contained no evidence of any actual losses, costs, or expenses to the department caused by taxpayers' frivolous position in that tribunal. The magistrate noted that the department's "actual damages are trivial" and that "any award would be de minimus [*sic*]" because the department's effort in the magistrate division was so limited. In light of the compensatory policy that underlies ORS 305.437, as discussed above, and the magistrate's findings concerning the lack of evidence of damages, we conclude that the magistrate did not err in declining to award damages.

## B. *The Claim for Damages in the Regular Division*

The department's complaint in the regular division, as already noted, sought an award of damages under ORS 305.437, because, in the statute's terms, "the taxpayer's position in such proceeding is frivolous." (The other bases for an award under ORS 305.437, *i.e.*, asserting a position that is "groundless" or instituting or maintaining proceedings "primarily for delay," are not in issue here.) In determining whether a taxpayer's "position" is frivolous, we apply the legislature's special definition of "frivolous" in ORS 305.437(2) ("[a]s used in this section, a taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position").

We turn first to the meaning of the term "position." The legislature did not enact a special definition of that term.

The ordinary definition, in this context, is "a proposition or thesis laid down: ASSERTION, STATEMENT * * * the ground or point of view adopted with reference to a particular subject * * *." *Webster's Third New Int'l Dictionary* 1769 (unabridged ed 2002). The legislature's use of the singular term "position" indicates an intent to use that term to denote the entirety of a taxpayer's assertions, that is, all the taxpayer's claims, defenses, and supporting arguments in the proceeding. In this context, "position" refers to the arguments, in their entirety, that taxpayers asserted in opposition to the department's complaint for damages under ORS 305.437.[10]

This court's case law supports that view. In *Detrick v. Dept. of Rev.*, 311 Or 152, 806 P2d 682 (1991), this court upheld an award of damages under ORS 305.437(1). The court stated:

> "We consider whether the taxpayers' position is 'groundless.' Consonant with our interpretation in *Mattiza* [v. Foster, 311 Or 1, 803 P2d 723 (1990)] of what constitutes a 'meritless' claim or defense, we interpret 'groundless' to mean that the taxpayer's position be entirely devoid of factual or legal support. By 'entirely devoid of factual or legal support,' we mean this: As to factual support, no evidence is offered that, if believed, would support a finding and a resulting judgment for the taxpayer in the Tax Court. As to legal support, there is no law—case law, statute, rule or regulation—that supports the taxpayer's claim to relief in the Tax Court."

*Id.* at 157 (footnote and internal citations omitted). The court then examined each of the two contentions that the taxpayers raised in the tax court and on appeal, determined that each contention was entirely devoid of legal and factual support, and ultimately concluded that "the taxpayers' *position is groundless* because there is no legal support for either of

---

[10] An interpretive question arises from the legislature's use of the present tense verb "is" in the statutory phrase "the taxpayer's position in such proceeding is frivolous or groundless * * *." ORS 305.437(1). That term suggests that the legislature intended the Oregon Tax Court to determine whether the taxpayer's position "is frivolous or groundless" at the time when the court determines the damage claim, and that the inquiry does not extend to arguments that a taxpayer asserted earlier but has abandoned. Abandoned frivolous arguments arguably are no longer part of a taxpayer's "position." In light of our disposition here, we need not resolve that issue.

their assertions." *Id.* at 158 (emphasis added). The court's construction of the term "position" in *Detrick* as the aggregate of the taxpayers' two arguments is pertinent to our interpretive inquiry here, because, in applying either statutory criterion—frivolousness or groundlessness—the court's analytical focus is on the taxpayer's "position."

We conclude that taxpayers' position in the regular division was not entirely devoid of factual or legal support, in the *Detrick* sense. Before the tax court, taxpayers asserted the factual and legal argument on which the magistrate had relied, that is, that the department had not shown any "damages" that were more than trivial and that proof of actual damages was required. The tax court rejected that argument but determined that it was not a frivolous argument. We agree that the argument was not frivolous, because, for reasons already discussed, that argument, expressed by the magistrate and adopted by taxpayers, was correct.

The observation by the tax court that taxpayers had not made the argument that the magistrate correctly declined to award damages until the eve of the trial is not supported by the record. Taxpayers had asserted that contention consistently in their answers in the regular division.

Other aspects of taxpayers' position also were not frivolous. Taxpayers argued that the department offered an insufficient causal link between taxpayers' frivolous arguments and any claimed loss or expense by the department. That argument has some merit. There was little evidence to show, for example, that all the department's auditing activities were causally linked to frivolous claims, as opposed to the need to review taxpayers' returns and paperwork for other purposes.

Taxpayers also raised an argument about the meaning of the phrase "instituted or maintained" in ORS 305.437. Taxpayers claimed that they had not "instituted or maintained" the proceeding before the regular division and that the statutory phrase "the taxpayer's position *in such proceeding* is frivolous" referred to a proceeding instituted or maintained by the taxpayer. (Emphasis added.) The tax court noted that taxpayers had asserted that a rule of legal interpretation—the rule of the last antecedent—supported their

construction of the statute and that they had cited a case, *State v. Webb,* 324 Or 380, 386-88, 927 P2d 79 (1996), that described the rule of the last antecedent. The tax court decided that that contention was both legally incorrect and frivolous. According to the court, the statutory phrase "such proceeding" necessarily applied to "all proceedings before the court, regardless of which party institutes or maintains them." *Croslin,* 19 OTR at 77.

We need not decide here whether the tax court was correct in concluding that the statutory phrase "such proceeding" refers to any proceeding whether or not a taxpayer institutes or maintains it. Taxpayers asserted a view of the statute that they justified with a familiar legal principle, a supporting case, and a clear discussion of and reliance on statutory text. Whether or not taxpayers were legally correct, we cannot conclude, as *Detrick* discussed, that taxpayers' argument in that regard was devoid of legal or factual support. The tax court erred in concluding otherwise.

In summary, we hold that the tax court erred in concluding that taxpayers' "position" lacked an objectively reasonable basis in each division, and it should have dismissed the department's complaint for damages under ORS 305.437.

C. *The Claim for Attorney Fees*

ORS 20.105 authorizes an award of attorney fees in favor of a "prevailing party." The tax court granted an award of attorney fees to the department, because it concluded that the department had prevailed on its damages claim against taxpayers under ORS 305.437. For reasons already discussed, the department was not entitled to an award of damages, and the tax court's contrary determination was erroneous. Taxpayers were the prevailing party regarding the department's damages claim; the tax court should have dismissed that claim. Because the department does not satisfy the prevailing party requirement in ORS 20.105, that statute does not authorize the tax court to award attorney fees to the department.

The judgment of the Oregon Tax Court is reversed, and the case is remanded to that court for further proceedings.