DECISION
Plaintiff appeals Defendant's Notice of Deficiency Assessment, dated October 10, 2008, for tax year 2007. The parties agreed at the case management conference held February 9, 2009, to submit the matter to the court on motions for summary judgment. Plaintiff's Motion for Summary Judgement (sic) was filed March 9, 2009. Defendant did not file a responsive pleading.
 I. STATEMENT OF FACTS
Plaintiff states that "Plaintiff had no "taxable income' for the tax year 2007." (Ptf's Mot for Summ J at 1.) He wrote: "Plaintiff properly rebutted and corrected bad payer information on a 2007 W-2, using form 4852 along with form 1040ez (Exhibit D, p. 5-6) and filed it with the Internal Revenue Service. The I.R.S. responded with notice CP13 (Exhibit D, p. 7-8), their response confirms the fact that Plaintiff had no "taxable income' for the tax year 2007. * * * Therefore, Plaintiff used this information return to file Oregon tax form 40S." (Id.) The Internal Revenue Service (IRS) letter, dated May 19, 2008, stated that "there is an error on your 2007 Federal Income Tax Return. * * * We changed the amount claimed as federal income tax withheld on Line 7 of your Form 1040EZ to reflect the amounts reported on *Page 2 
Forms(s) W-2, 1099, or other supporting documents." (Ptf s Ex D at 7.) The IRS denied Plaintiffs request for a $3,468.53 refund for "federal income tax withheld." (Ptf s Ex D at 6, 8.)
Defendant issued a Notice of Deficiency, dated September 3, 2008, stating that Plaintiff "received wages from Time Frame, Inc." in the amount of $45,340. (Ptf s Ex A at 3.) Plaintiff listed Time Frame Inc. as his employer on Form 4852, "Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc." (Ptf s Ex D at 5.) In its Notice of Deficiency, Defendant stated that Plaintiffs failure to report wages as taxable income for multiple years lead it to conclude that Plaintiffs 2007 filed return was a
 "fraudulent return under ORS 314.400. ORS 314.400(3)(b) states that a penalty equal to 100% of any deficiency determined by the department shall be assessed if a report or return was falsely prepared and filed with intent to evade tax. The Department has determined there is a substantial understatement of taxable income for this tax year. Therefore, there shall be added to the amount of tax required to be shown on the return a penalty equal to 20% of the amount of any underpayment of tax attributable to the understatement of taxable income. (ORS 314.402)."
(Ptf s Ex A at 3.) In addition, Defendant assessed a $250 penalty because it concluded that Plaintiff took "a `frivolous position' in respect to preparing [his] return." (Ptf s Ex A at 4.) Defendant's Notice of Deficiency Assessment was issued on October 10, 2008. (Ptfs Ex C.)
In its Answer, Defendant requested that the court "uphold the department's assessment." (Def s Answer at 2.) In addition, Defendant requested that "the court * * * award damages for a frivolous or groundless appeal under ORS 305.437. * * * Section 2 of ORS 305.437
states that a taxpayer's position is `frivolous' if there was no objectively reasonable basis for asserting the position. The Plaintiff has presented no legitimate reasons why his income should not be taxed."(Id.) *Page 3 
 II. ANALYSIS
Oregon residents are taxed on their entire taxable income which is defined as "the federal taxable income" under "the laws of the United States, with modifications, additions and subtractions provided in this chapter." ORS 316.048.[1] There is no dispute that Plaintiff is a resident of Oregon. Plaintiff reported no federal taxable income. (Ptf's Ex A at 3.) Defendant disputed Plaintiff's reported federal taxable income.
Plaintiff states "[u]nder penalties of perjury" that his employer was Time Frame Inc. (Ptf's Ex D at 5.) Plaintiff did not submit a copy of a W-2 from Time Frame Inc. On his state income tax return forms, Plaintiff reported no wages or W-2 income. Defendant wrote that Plaintiff "earned wages from Time Frame, Inc. The wages Mr. Negrete received are taxable to Oregon." (Def's Ans at 1.) Defendant wrote that Plaintiff failed to report wages he earned on prior year Oregon income tax returns including tax years 2003, 2004, 2005 and 2006. (Id.)
"In all proceedings before the judge or a magistrate of the tax court and upon appeal therefrom, a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon theparty seeking affirmative relief." ORS 305.427 (emphasis added.) Plaintiff must establish his claim "by a preponderance of the evidence, or the more convincing or greater weight of evidence." Schaefer v. Dept. of Rev., TC No 4530 at 4 (July 12, 2001) (citing Feves v. Dept. of Rev., 4 OTR 302
(1971)). Having failed to prove that wages are not taxable income in prior proceedings before this court, [2] Plaintiff fails to carry the burden of proof in the matter now before the court, where once again he argues that he has no taxable income even though he admits to being employed by Time Frame Inc. Contrary to Plaintiff's assertion that the IRS agrees with Plaintiff that he has no taxable income, the IRS letter dated *Page 4 
May 19, 2008, refers to the one change it made to Plaintiff's filed return. (Ptf's Ex D at 7.) That one change was to deny Plaintiff's requested refund of federal withheld tax. The IRS letter makes no representation about the correctness of Plaintiff's reported federal taxable income.
Plaintiff reaches an erroneous conclusion that "[t]here is no legal mechanism by which Plaintiff can be coerced by the Defendant, who is presumed to know the law, into reporting one amount of adjusted gross income on a federal return and a different amount on a state return." (Ptf's Mot for Summ J at 2.) ORS 305.265(4) authorizes Defendant to review filed returns:
 "[w]ith respect to any tax return filed under ORS chapter 314, 316, 317 or 318, deficiencies shall include but not be limited to the assertion of additional tax arising from:
 "(a) The failure to report properly items or amounts of income subject to or which are the measure of the tax."
Plaintiff failed to report an item of income and Defendant assessed a deficiency in accordance with ORS 305.265.
Defendant asked the court to award damages because Plaintiff filed a frivolous appeal. The Oregon Supreme Court recently concluded that "the legislature clearly intended an award of "damages' under ORS 305.437 to compensate the department for its actual losses caused by a taxpayer's pursuit of a frivolous position in proceedings before the Oregon Tax Court." Dept. of Rev. v. Croslin (Croslin), 345 Or 620, 633 (2009). Defendant did not present any evidence of damages. Defendant submitted no evidence of "actual losses, costs, or expenses to the department caused by [Plaintiff's] frivolous position." Id. Defendant's request for damages is denied. *Page 5 
 III. CONCLUSION
Plaintiffs belief that wages are not taxable income has been asserted by other taxpayers who have not prevailed. Combs v. Dept. of Rev.,15 OTR 60, 61 (1999), aff d, 331 Or 245, 14 P3d 584 (2000) (holding that such a claim was "unrealistic and uninformed" and that "wages are clearly taxable"); Clark v. Dept. of Rev., 15 OTR 197, 200 (2000), aff d, 332 Or 236, 26 P3d 821 (2001) (stating that such a position is "patently distorted and removed from reality") In Oregon, the law is clear: wages are taxable income. Plaintiffs appeal is denied.
Because Defendant failed to offer evidence of its "actual losses, costs or expenses," the court denies its request for damages under ORS305.437. Croslin at 663. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal is denied; and
IT IS FURTHER DECIDED that Defendant's request for damages is denied.
Dated this ___ day of June 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onJune 12, 2009. The Court filed and entered this document on June 12,2009.
[1] References to the Oregon Revised Statutes (ORS) are to year 2005.
[2] Negrete v. Dept. of Rev., 19 OTR 134 (2006). *Page 1