IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| GREGORY T. LAUER, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 200253N |
| | ) | |
| v. | ) | |
| | ) | |
| GRANT COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

On December 10, 2020, Plaintiff filed his Motion for Reconsideration (Motion), asking the

court to reconsider its Order Granting Defendant's Motion to Dismiss, entered December 1, 2020.

On December 15, 2020, Defendant filed its Supplemental Brief re Availability of Attorney Fees.

A.     *Motion for Reconsideration*

Plaintiff's Motion contains erroneous statements of fact (e.g., the state and county are "'for

profit' corporation[s]") and erroneous statements of law (e.g., "[t]axes levied by the state can only

be levied upon business activity and the resulting income of individuals"). (Ptf's Mot at 1.) It

reiterates arguments that were rejected in the court's Order, entered December 1, 2020, (e.g.,

property held under land patent is exempt from property taxation). (*Id.* at 2.) Plaintiff has

presented no basis for reconsideration of the court's Order.[1]

/ / /

/ / /

/ / /

---

[1] A motion for reconsideration "should state specific grounds and the authority on which counsel relies and must be based on one or more of these contentions: (1) A claim of factual error in the opinion or order; (2) A claim of error in the designation of the prevailing party or award of costs; (3) A claim that there has been a change in the applicable statutes or case law since the court's opinion or order; or (4) A claim that the court erred in construing or applying the law. Claims addressing legal issues already argued in the parties' briefs and addressed by the court are disfavored." Tax Court Rule 80 A.

B.      *Attorney Fees*

In the Order, entered December 1, 2020, the court declined to award Defendant attorney fees because it was unclear whether magistrates are permitted to do so under ORS 20.105,[2] but allowed Defendant to submit supplemental briefing on the question.[3] On December 15, 2020, Defendant filed its brief arguing that magistrates have authority to award attorney fees under ORS 20.105.

1.      *Attorney fees, generally, and framework for statutory interpretation*

Generally, Oregon courts follow the "American rule" and will not award attorney fees absent authorization by statute or contract. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723, 725 (1990).[4] Here, ORS 20.105 authorizes an award of attorney fees in "the Oregon Tax Court" when a party asserts a claim for which there is no objectively reasonable basis.[5] Defendant argues that the reference must include the Magistrate Division because the Magistrate Division is "in the Oregon Tax Court" under ORS 305.498(1). (Def's Supp Br at 1.) Although true, that observation does not resolve all the court's concerns because references to "Oregon Tax Court" may include

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2019.

[3] The Magistrate Division has not historically awarded attorney fees. *See Hill v. Dept. of Rev.*, TC-MD 180191G, 2019 WL 80483 (Or Tax M Div, Jan 2, 2019) (noting "the court is unaware of any prior award of attorney fees by a magistrate * * *."). The Regular Division of this court has declined to address "whether the magistrate was required by [ORS 20.105] to award attorney fees * * *." *Dept. of Rev. v. Clark*, 17 OTR 218, 224–25 (2003).

[4] "[T]he court is reluctant to conclude that any division of the court has authority to make any monetary award unless that award is supported by statutory authorization. Rules of practice and procedure—the subject of both ORS 305.425(3) and ORS 305.501(3)—are authorized, but the court is reluctant to conclude that 'practice and procedure' includes money awards." *Wihtol v. Dept. of Rev.,* 21 OTR 260, 263 (2013).

[5] The text of ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

the judge of the tax court, the magistrates, or both, depending on the context. ORS 305.404.[6] The

question is whether the legislature intended the reference in ORS 20.105 to include the magistrates.

To discern legislative intent, the court follows the framework set forth in *State v. Gaines*,

346 Or 160, 170-72, 206 P3d 1042 (2009), looking to text, context, and any helpful legislative

history. "That analysis first requires the court to determine when the phrase entered Oregon law, in

order to establish the relevant date to determine the plain meaning, any technical meaning, and the

statutory context." *Comcast v. Dept. of Rev.*, TC 5265, 2020 WL 6948453 (Or Tax, Nov 25,

2020). ORS 20.105 was enacted in 1983 and amended in 1995. *See* Or Laws 1983, ch 763, § 57;

Or Laws 1995, ch 618, § 2. The reference to "the Oregon Tax Court" existed in the original 1983

version and was unchanged by the 1995 amendment.[7] *See id.*

In 1983, the Oregon Tax Court was composed only of the tax court judge; the Magistrate

Division was not created until 1995. Or Laws 1995, ch 650.[8] Thus, the legislature initially

intended the term "Oregon Tax Court" contained in ORS 20.105 to apply only to the judge of the

tax court. The question becomes whether the legislature intended for magistrates to award attorney

fees under ORS 20.105 upon creation of the Magistrate Division.

2.     *Text and context*

 "Only the text of a statute receives the consideration and approval of a majority of the

members of the legislature" and is therefore the "best source from which to discern the

---

[6] ORS 305.404 applies "in ORS 305.404 to 305.560 and other revenue and tax laws[.]" ORS 20.105 is not a "revenue or tax law" so it is unclear whether ORS 305.404 controls.

[7] The 1995 amendment to ORS 20.105 made application of the statute mandatory rather than discretionary; removed reference to the party's intent; and required an award of attorney fees when there was "no objectively reasonable basis for asserting the claim, defense or ground for appeal." Or Laws 1995, ch 618, § 2.

[8] The bill creating the magistrate division passed in 1995, but with certain exceptions did not become operative until September 1, 1997. *See* Or Laws 1995, ch 650, §116.

legislature's intent * * *." *Gaines,* 346 Or at 171. Defendant correctly observes that the Magistrate Division is "in the Oregon Tax Court." ORS 305.498(1). Unless the context and legislative history reveal some latent ambiguity the "plain and unambiguous text" controls. *Gaines,* 346 Or at 172.

As discussed above, the text "Oregon Tax Court" is potentially ambiguous because it may include the judge, the magistrates, or both. The court turns to the context, which includes the statutes creating the Magistrate Division. The statute authorizing an award of attorney fees in the tax court – ORS 305.490 – was amended with the creation of the Magistrate Division to specify that attorney fees were available only in a "proceeding before the tax court judge." *See* Or Laws 1995, ch 650, §6. Prior to creation of the Magistrate Division, a taxpayer could recover attorney fees in the tax court associated with the prior proceeding before the Department of Revenue. *See id.* That provision was revised with the creation of the Magistrate Division to allow a taxpayer to recover attorney fees associated with the prior proceeding before the magistrate, but only in a proceeding before the judge of the Regular Division. *See id.*; *see also Ellibee v. Dept. of Rev.*, 020026D, 2003 WL 21241328 (Or Tax M Div, Apr 21, 2003).[9]

Other features of the Magistrate Division are relevant. Non-attorney representatives – including CPAs, appraisers, brokers, employees, and others – may appear in the Magistrate Division. *See* ORS 305.230. Magistrates are "not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice." ORS 305.501(4)(a).[10]

---

[9] In *Ellibee*, the magistrate declined to award attorney fees under ORS 20.105, concluding that the Magistrate Division lacks authority to award attorney fees because that authority was given only to the Tax Court judge under ORS 305.490.

[10] For a more complete discussion of the creation of the Magistrate Division, *see* Henry C. Breithaupt & Jill A. Tanner, *The Oregon Tax Court at Mid-Century*, 48 Willamette L Rev 147, 151-152 (2011). "The creation of the Magistrate Division was most fundamentally the movement of the first level of formal tax dispute resolution from

The statutory context indicates that the legislature did not intend for magistrates to award attorney fees, at least in typical cases. The statutes creating the Magistrate Division expressly limited the availability of attorney fees to proceedings before the tax court judge. By allowing non-attorney representatives to appear and providing magistrates broad authority in how to conduct proceedings, the legislature signaled its intent to create an informal, user-friendly forum where litigants could resolve tax disputes without need for legal counsel.[11] Even though the legislature did not intend for magistrates to award attorney fees in typical cases, the question remains whether the legislature intended to prohibit attorney fees in *all* cases. It may be that the legislature had a different intent with respect to ORS 20.105, which applies in a narrower set of cases where a party willfully disobeys a court order or asserts a claim without an objectively reasonable basis. The legislature's decision to add limiting language in ORS 305.490 but not in ORS 20.105 lends some support to the conclusion that magistrate may award attorney fees under ORS 20.105 even though they cannot under ORS 305.490. *See also* ORS 174.060 (when one statute refers to another, references include any amendments unless a contrary intent is express by the legislature).

Other relevant context includes ORS 20.220(1) which provides the manner in which an appeal may be taken from a trial or appellate court judgment on attorney fees and costs and disbursements. No provision specific to either division of the Tax Court is made in that section, however presumably subsection (1) applies to the Regular Division. *See* ORS 20.220 ("An appeal may be taken from a judgment under ORCP 68 C(4) allowing or denying attorney fees or costs and disbursements on questions of law only, as in other cases); ORS 305.440 (providing that Regular

the Executive Department to the Judicial Department. * * * A first stage informal proceeding would exist in which an individual could represent himself or herself with few procedural rules and without the application of the formal rules of evidence." *Id.* at 151.

[11] The court always appreciates the skill and expertise provided by legal counsel, but it is not required. Indeed, two-thirds of cases filed in the magistrate division do not involve attorney representation.

Division judgments shall be final "in the same manner as the decision or judgment of the circuit court when appeal therefrom is taken"). In contrast, judgments in the Magistrate Division are final and may not be appealed. ORS 305.501(7). However, the similar lack of procedural directives was not considered a bar to finding that the Magistrate Division could award costs and disbursements. *See Wihtol v. Dept. of Rev.*, 21 OTR 260 (2013). In that case the court favored an inclusive reading of the term "the court" to include the Magistrate Division. *Id.* at 267 ("ORS 305.490(4) need not, and in light of the legislative text and history should not, be read as a barrier to a conclusion as to the authority of a magistrate under ORS 305.490(2) to award costs and disbursements—the Magistrate Division being part of 'the court.'")

       3.     *Legislative history*

The topic of attorney fees was discussed during two house committee[12] hearings and in written testimony submitted to the committee. During the hearing held on February 13, 1995, and in his written testimony, W. Scott Phinney, an attorney in private practice and former Chief Hearings Officer at the Oregon Department of Revenue, expressed his concern with allowing recovery of attorney fees in the Magistrate Division:

> "The provision for the award of attorney's fees in all cases is also somewhat troubling. In effect, this will substantially increase the overall costs involved in the appeal process. I see no reason for the taxpayers of the State of Oregon to pay for the attorney's fees for people to bring their cases to the Tax Court. *I believe it would be appropriate for the Court to award such fees in situations where there has been a frivolous appeal or the Government's position was unfounded.* However, in a typical case these are costs which should be borne by the parties themselves and should be a factor in deciding whether to pursue an appeal or not. The award of attorney's fees in all cases would lead to the proliferation of marginal cases which otherwise would not be brought into the system. In addition, the award of attorney's fees could result in additional costs involved in processing and accounting services and contesting fee bills at the Court level."

---

[12] HB 2325 (1995) was referred to the House Judiciary Committee, Subcommittee on Civil Law.

Testimony, House Judiciary Committee, Subcommittee on Civil Law, HB 2325, Feb 13, 1995, Ex E at 5 (emphasis added). In his oral testimony to the committee, Phinney stated that the "current standard for the award of attorney fees * * * is to government if its a frivolous case * * * and to the taxpayer if government's position was unfounded or unreasonable." Audio Recording, House Judiciary Committee, Subcommittee on Civil Law, HB 2325, Feb 13, 1995, 13:40.

Other witnesses expressed similar concerns about the negative impacts of allowing attorney fees in the Magistrate Division, including the significant financial burden on taxpayers and local governments associated with attorney fees; the possibility that litigants may feel it necessary to retain counsel to appear in the Magistrate Division[13]; and "a proliferation of only marginally meritorious appeals."[14] Testimony, House Judiciary Committee, Subcommittee on Civil Law, HB 2325, Feb 13, 1995, Ex D (statement of Gil Riddell on behalf of Association of Oregon Counties); Testimony, House Judiciary Committee, Subcommittee on Civil Law, HB 2325, Feb 13, 1995, Ex A (statement of Oregon State Association of County Assessors).

During the work session held February 17, 1995, the house committee again took up the discussion of attorney fees. Representative Johnston referred to the testimony of multiple witnesses against attorney fees and introduced the -1 amendment, which he described as

> "go[ing] back to the law as it existed prior to this bill. Attorney fees previously could have been awarded and they still could be awarded, but * * * they would be at the discretion of the judge and they would require something akin to showing to the judge that a defense was offered that had no colorable claim of authenticity or that a claim was made by the taxpayer that was purely frivolous."

---

[13] The legislature intended to permit taxpayers, counties, and the Department of Revenue to appear before the Magistrate Division without counsel, as they had done before the Department of Revenue hearings officers. Or Laws 1995, ch 650, §§ 12-14 (codified as ORS 305.230 et seq); *see also* Analysis of Fiscal Impact of HB 2325, Senate Judiciary Committee, HB 2325, May 3, 1995, Ex L at 5 (stating that Department of Revenue and counties are not currently represented by counsel before the Department of Revenue hearings offices and "no reliable showing has been made that either of these practices would change").

[14] Testimony, House Judiciary Committee, Subcommittee on Civil Law HB 2325, Feb 13, 1995, Ex C (statement of Christopher K. Robinson).

Audio Recording, House Judiciary Committee, Subcommittee on Civil Law, HB 2325, Feb 17, 1995, at 2:10.

Curiously, the SMS of HB 2325 (1995) presented to the Senate Judiciary Committee makes the following reference to attorney fees in describing the effects of several "technical amendments" adopted by the committee: they "allow[] the State to recover attorney fees up to $5,000 when the taxpayer's case is frivolous, meaning no objectively reasonable basis for asserting the position[.]" Presumably, that reference is to ORS 305.437 (1987), which required the court to award "damages in an amount not to exceed $5,000" whenever the taxpayer maintained a "frivolous or groundless" position. *See* Or Laws 1995, ch 650, §6a.[15] The legislature added a new section to that statute in 1995, stating "a taxpayer's position is 'frivolous' if there was no objectively reasonable basis for asserting the position." *Id.*

The legislative history of HB 2325 (1995) confirms that the legislature did not intend for attorney fees to be generally available in the Magistrate Division. The legislature was also aware that the court already awarded attorney fees for frivolous or groundless appeals and it appears the legislature did not intend to change that practice when it created the Magistrate Division. That tends to support the conclusion that magistrates may award attorney fees under ORS 20.105.

The picture is clouded somewhat by the SMS reference to the $5,000 cap on "attorney fees" for a taxpayer's frivolous appeal, an apparent reference to the frivolous appeal "damages" allowed under ORS 305.437. However, this court has long awarded both "damages" under ORS

---

[15] The legislature changed the term "damages" to "penalty" in 2009 after the opinion in *Dept. of Rev. v. Croslin*, 345 Or 620, 201 P3d 900 (2009). *See* Or Laws 2009, ch 640, §5. In *Croslin*, the court upheld the magistrate's refusal to award frivolous appeal damages under ORS 305.437 based on the magistrate's determination that any such damages in the case were *de minimis*. 345 Or at 633. The court explained that the term "damages" in the context of ORS 305.437 were meant "to compensate the department for its actual losses caused by a taxpayer's pursuit of a frivolous position in proceedings before the Oregon Tax Court." *Id.*

305.437 and attorney fees under ORS 20.105. *See, e.g., State ex rel Mendonca v. Dept. of Rev.*, 11 OTR 236 (1989); *Clark v. Dept. of Rev.*, 16 OTR 51 (2002); *Gall v. Dept. of Rev.*, 17 OTR 352 (2004), *aff'd* 337 Or 427 (2004). Thus, the two are not mutually exclusive and, indeed, follow the same "no objectively reasonable basis" standard. *See, e.g., Routledge v. Dept. of Rev.*, TC 5344, WL 1814309 at *11 (Or Tax, Apr 9, 2020) (analyzing together the frivolous appeal penalty under ORS 305.437 and the attorney fee provision under ORS 20.105). The SMS reference conflicts with the actual text of the amendment which provides for a $5,000 cap on damages, not attorney fees. Or Laws 1995, ch 650, §6a. It also does not reflect the discussion of attorney fees that occurred during committee. In any case, nothing in the legislative history precludes a finding that a magistrate may award attorney fees under ORS 20.105.

4.      *Conclusion on attorney fees*

Although the legislature restricted the availability of attorney fees in typical cases to proceedings before the tax court judge, the court finds no such restriction in cases where a party asserts a claim, defense or ground for appeal for which there is no objectively reasonable basis. The legislative history tends to confirm that the legislature was aware that the court might award attorney fees in such cases and did not intend to change that practice with the creation of the Magistrate Division. The concerns raised with respect to attorney fees in typical cases – namely, that taxpayers generally will bear the cost – does not apply to frivolous appeals.

C.      *Conclusion*

Upon careful consideration, the court denies Plaintiff's Motion for Reconsideration and grants Defendant's request for attorney fees under ORS 20.105. Defendant must file its Statement of Attorney Fees within 14 days from the date of this Order in accordance with Tax Court Rule

(TCR) 68.[16]  Plaintiff may file a written objection to a statement seeking attorney fees within 14 days of the statement.  Defendant may file a response to an objection within seven days of the objection.  Both the objection and response, if any, must be specific and may be founded in law or in fact.  Now, therefore,

IT IS ORDERED that Plaintiff's Motion for Reconsideration is denied.

IT IS FURTHER ORDERED that Defendant's request for attorney fees under ORS 20.105 is granted.  Defendant must file its Statement of Attorney Fees within 14 days from the date of this Order in accordance with TCR 68.  Plaintiff may file a written objection to a statement seeking attorney fees within 14 days of the statement.  Defendant may file a response to an objection within 7 days of the objection.

Dated this _____ day of February 2021.


_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*__This is a dispositive order__ pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved.  See TCR-MD 19.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on February 3, 2021.*

---

[16] Although TCR 68 requires the statement to be filed within 14 days of judgment, Magistrate Division judgements may not be appealed so the statement must instead be filed within 14 days of this Order.  *See* ORS 305.501 (appeal may be taken from a written decision of a magistrate; a judgment issues if no appeal is taken).